## C. W. Lukens v. D. B. Garrett.
### No. 20.

1. New Trial — *Newly Discovered Evidence — Diligence.* Before a new trial should be granted on the ground of newly discovered evidence, due diligence prior to the trial in respect to such evidence must be shown; and to this end it is not sufficient for the moving party to merely allege that he used due diligence, but he must show the facts so that the court can see whether there was due diligence.

2. —— *Not Granted.* And when the record and showing made upon the application for a new trial discloses that the moving party, by the use of due diligence, might have obtained the evidence, it being upon transactions to which he was a party, and of which he had knowledge, a new trial should not be granted.

MEMORANDUM.—Error from Shawnee district court; JOHN GUTHRIE, judge. Action by D. B. Garrett against C. W. Lukens to have a deed declared a mortgage, and for other relief. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein was filed February 14, 1896.

The statement of the case, as made by GILKESON, P. J., is as follows:

On the 6th day of February, 1888, D. B. Garrett, defendant in error, as plaintiff below, filed his petition in the superior court in and for said county of Shawnee, Kansas, against C. W. Lukens, plaintiff in error, as defendant. The superior court having expired by limitation, this case was transferred to and tried in the district court of said Shawnee county, Kansas.

The petition alleges, in substance, that in September, 1883, the said Garrett purchased a certain lot in Osborn's addition to the city of Topeka from Thomas A. Osborn, taking a bond for a deed therefor; that he erected a house on said lot, and has ever since continued to occupy the premises as a homestead; that

in 1884 defendant, Lukens, came to and urged him to borrow from him for the purpose of paying the balance due under the bond; that afterward the defendant, by means of false and fraudulent statements, so consummated this loan to the plaintiff for the sum of $200, obtained the bond for a deed from him, and has ever since unlawfully and wrongfully held and refused to deliver it up to this plaintiff; that afterward the defendant procured a deed to said property made to him and had the same duly recorded; that at the time this deed was executed it was agreed between the parties that Lukens should hold the deed as security for a loan of $90, and that it was the understanding and agreement that, if the plaintiff should pay the said sum of $90, the defendant was to reconvey the property to him; that he has paid the said defendant more than the said sum of $90, to wit, the sum of $166, but that the defendant refuses to convey the property to the plaintiff, nor has he given him credit for the money so paid on said loan; that in June, 1886, the defendant, Lukens, commenced an action in forcible entry and detainer before a justice of the peace in the city of Topeka, and obtained a judgment for the possession of the real estate; and prays judgment that the deed made to the defendant, as aforesaid, be declared a mortgage, and that the same be set aside and canceled of record, and that the plaintiff be adjudged the owner of said real estate; that the defendant be compelled to transfer said real estate; and also for an accounting of the money paid as aforesaid, and judgment for plaintiff in the sum of $50 upon said accounting, and for costs.

To this petition Lukens filed answer of general denial. Upon the trial of this cause, the court permitted Garrett to file an amendment to his petition to

conform to the facts proven. This was done after the testimony had closed. The amended petition filed alleges, in substance, that the defendant, Lukens, after he obtained the deed to the real estate, conveyed the same to one I. S. Watkins, who held the title for the defendant; and that said defendant caused and procured a certain mortgage of $250 to be executed by said I. S. Watkins and wife to one R. C. Strip, and also one other mortgage, of $200, to Chas. R. Lukens; and that, after these mortgages had been executed and recorded, Lukens procured a deed to be made to himself from said Watkins and wife for the said real estate, and that, after he had obtained it from Watkins, he again incumbered the same prop-property by two mortgages executed by the said Lukens and wife to Sarah Thomas, one of them being for $250, dated September 25, 1886, and running for five years, and one of $100, dated April 21, 1887, running for four years, which said mortgages were duly recorded; that after defendant obtained full possession and control of said real estate he carried away and removed certain improvements, of the value of $127; that he has collected the rents of said real estate from June 1, 1886, up to the present time, which were reasonably worth $400. Wherefore plaintiff prays for an accounting, and judgment against the defendant for $1,000.

The case was tried without the intervention of a jury, and the court found that the plaintiff is the owner in fee simple of the real estate described in his petition; that defendant, Lukens, holds the title of said lot in trust for the plaintiff; that the plaintiff is entitled to have the title of said lot vested in him without delay; that defendant, since the legal title of said lot has been held by him, wrongfully and

without right incumbered said premises for his own benefit and without the consent of the plaintiff; that the plaintiff is entitled to have an account taken and stated between himself and the defendant, and all matters in controversy settled in this action between them; that there is due from the defendant, Lukens, to the plaintiff, Garrett, on the said account now taken and stated by the court, the sum of $300.

The court rendered judgment in accordance with said findings for the plaintiff, to all of which the defendant excepted, filed his motion for a new trial, which, being overruled, was excepted to, and he brings the case here for review.

*H. C. Safford,* for plaintiff in error.

*W. P. Douthitt, Frank Herald,* and *H. C. Root,* for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J.: The only error assigned in this case which we will notice is that alleged to have been committed by the trial court in overruling the motion for a new trial. The evidence in this case is voluminous, and in some instances, though few, and those in minor matters, contradictory; but since the trial court has passed upon this evidence, and the findings of fact are all supported by a preponderance of the testimony, this court will not disturb them.

The motion filed for a new trial is based upon eight grounds, all of which, however, have been abandoned in this court by the plaintiff in error, except the seventh, viz.: "Newly-discovered evidence material for this defendant, which he could not with reasonable diligence have discovered and proven at the trial."

In support of this motion he filed his affidavit, stating that

"he is the defendant in the above-entitled action; that when this cause was commenced by service of process upon him affiant made an examination of the plaintiff's petition filed here, and from such examination, aided by the advice of his attorney, determined what evidence would be necessary to meet the charges set forth in said petition, and prepared his case accordingly; that upon the trial of this cause before the court, certain evidence was introduced by the plaintiff over the objection of this defendant, which evidence affiant is informed and believes was entirely inadmissible under the plaintiff's petition, as is evidenced by the fact that after the said trial plaintiff was compelled to amend his petition to conform to the facts as proven thereby, and at the trial, while defendant was not only wholly unprepared to meet the same, but was wholly unadvised that any attempt would be made to introduce the same; that after the trial of this cause as aforesaid, this affiant was for the first time informed that Mr. Gillett, Mr. Watkins, and other persons, whose testimony or affidavits are hereto attached, were in possession of the facts as set forth in their affidavits; . . . that immediately upon receiving such information, affiant called upon such persons, and after having obtained from them their knowledge of the case soon afterward procured such affidavits; that the testimony of said parties is material to the proper presentation of this case by affiant, and that affiant could not with reasonable diligence have procured such testimony in time for the last trial; that affiant had procured all the evidence he thought necessary under the allegations of said petition, and he had not the slightest information from any source that said witnesses had any knowledge of any facts needed to be proven on said trial; that if affiant be granted a new trial herein, he can procure such evidence to be used on such trial, and then be enabled to have justice done him; and in support thereof has filed the affi-

davits of I. S. Watkins, James L. Rankin, Charles F. Bridge, James Gillett, and I. T. Lockard.''

After a careful examination of the testimony produced at the trial, we do not think that the court erred in overruling the motion for a new trial.   At the time the amendment was made to the petition the defendant did not ask for time to meet the issues as then formed, and in fact the amendment did not substantially change the issues.   The most that could be said was, that one portion thereof explained the issues as they stood prior to the amendment while the other portion merely enlarged the plaintiff's claim for damages by setting up additional items of damage sustained.   The affidavit of the defendant is very guarded in its terms, but shows, we think, conclusively, that if he had deemed the testimony then, which he now thinks, important, he would and could have produced it, and that he did produce all that he deemed necessary.   While the affidavits of Watkins, Rankin, Gillett, and Lockard, might in some minor details contradict the testimony of the plaintiff, yet all of the testimony set forth in their affidavits is in reference to the transaction to which the defendant was a party, and each and every one of them testified that he was present and took part therein.   The testimony of Mr. Bridge is very cumulative as to rents received, while the testimony of Mary Jones, at most, would but show that the plaintiff himself had removed from the premises some shubbery and vines.   How the testimony of any of these witnesses, with the exception of Mary Jones, could be called newly discovered, we are at a loss to know ; and from the affidavits of these parties it is conclusively shown that the defendant must have known and did know of all of this evidence at the time of the trial, nor does he show any diligence having been

exercised by him in order to obtain these witnesses, and from aught the record discloses each and every one of them might have been brought into court by a subpœna issued during the trial. There is no allegation that these parties resided beyond the jurisdiction of the court, and from their own affidavits we learn that they resided within the city of Topeka. It is true he states that he could not with reasonable diligence have procured such testimony in time for the trial, and this is the only allegation with reference to diligence. This is not sufficient. The rule is too well established in this state to warrant us in citing authorities thereon, that before a new trial will be granted on the ground of newly-discovered evidence due diligence prior to the trial in respect to such evidence must be shown; and to this end it is not sufficient for a moving party to merely allege that he used due diligence, but he must state the facts so that the court can say that there was due diligence. In fact, the most that can be said of this application is, that he might on another trial produce more testimony.

The judgment in this case will therefore be affirmed.

All the Judges concurring.