## WAGONER v. CASKEY.

No. 10463—Opinion Filed March 7, 1922.

(Syllabus.)

1. **Appeal and Error—Discretionary Rulings—New Trial.**

The granting or refusal of a new trial is always a matter largely within the legal discretion of a trial court, and the action of the trial court in granting or refusing a new trial will not be disturbed by this court upon appeal unless it clearly appears that there was abuse of discretion.

2. **New Trial—Grounds—Newly Discovered Evidence—Diligence.**

Before a new trial should be granted upon the grounds of newly discovered evidence, due diligence prior to the trial in respect to procuring such evidence must be shown, and to this end it is not sufficient for the moving party merely to allege that he used due diligence, but he must show the facts, so the court can see whether there was due diligence, and when

the record and showing made upon the application for a new trial disclose that the moving party, by the use of due diligence, might have obtained the evidence, it being upon transactions to which he was a party and of which he had knowledge, a new trial should not be granted.

3. **Same — Importance of New Evidence.**

It is not sufficient that the new evidence, had it been offered on the trial, might have changed the verdict. The new evidence must be of sufficient importance to make a probability that a different verdict will be returned upon another trial.

4. **New Trial—Misconduct of Juror—Impeachment of Verdict—Hearsay Evidence.**

The statements of a juror, made after the trial and not under oath, are not competent to impeach the verdict of a jury on the grounds of misconduct of a juror or that said verdict was corruptly procured. The statements are merely hearsay, and should not be considered.

5. **Same—Refusal of New Trial.**

The record in this case examined bearing upon the question of impeaching the verdict, and the action of the trial court in refusing a new trial thereon is found to be correct, and the ruling will not be disturbed.

Error from County Court, Ottawa County; N. C. Barry, Judge.

Action by C. C. Caskey against W. A. Wagoner. Judgment for plaintiff, and from order overruling motion for new trial, defendant brings error. Affirmed.

A. C. Wallace and E. C. Fitzgerald, for plaintiff in error.

H. L. Shannon, for defendant in error.

ELTING, J. This action was commenced in the county court of Ottawa county, Okla., on the 21st day of May, 1918, by the defendant in error, plaintiff below, by filing a petition in said court which was in words and figures as follows:

"For his petition in the above entitled cause the plaintiff says that on or about the 5th day of November, 1917, the plaintiff and defendant entered into an agreement whereby it was agreed that the plaintiff for drilling said prospect hole on the southwest quarter of the southwest quarter of section 27, township 29, range 22 in Ottawa county, Oklahoma, and that the defendant should pay to the plaintiff for drilling said prospect hole the sum of one and 50/100 ($1.50) dollars per foot; that pursuant to said agreement the plaintiff drilled a prospect hole

on said land to a depth of three hundred nineteen, (319) feet, and that the defendant is indebted to the plaintiff for and on account of drilling said prospect hole in the sum of four hundred seventy-eight and 50/100 ($478.50) dollars, which the defendant has failed and refused to pay to the plaintiff, although payment thereof has frequently been demanded.

"Wherefore, plaintiff prays for judgment against the defendant for the sum of four hundred seventy-eight and 50-100 ($478.50) dollars, and for the costs of this action."

To which petition W. A. Wagoner, plaintiff in error, defendant below, filed the following answer, omitting the caption:

"Comes now the defendant above named and for answer to the petition of the plaintiff filed herein, denies each and every allegation therein contained.

"Said defendant expressly denies that at any time he entered into a contract with the plaintiff herein, for the sinking of a prospect drill hole for this defendant and denies that he ever agreed to pay plaintiff for any drilling as aforesaid.

"Said defendant denies that he is indebted to plaintiff in any sum whatsoever."

On the 15th day of July, 1918, a jury was empaneled in the county court, which returned a verdict in favor of the plaintiff below, defendant in error, against the plaintiff in error, defendant below, in the sum of $478.50. Plaintiff in error, defendant below, filed motion for new trial, setting up two grounds for same, and afterwards the plaintiff in error filed a supplemental motion for a new trial. To said supplemental motion was attached an affidavit of E. D. Ballard. In said affidavit Ballard stated, in substance, that he had had a conversation with one A. H. Hale, who had sat as one of the jurors in the instant case in the county court, and in the conversation Hale stated that he had been in the employ of H. L. Shannon, an attorney of Miami, Okla., for the past two months and within said time he had "fixed" two juries for the said Shannon. Ballard stated that Hale told him that he (Hale) was employed by Shannon as a collector and that his compensation was not on the basis of collections, but on a salary, and that the main thing to do was to get a judgment on the items he had for collection. Afterwards the plaintiff in error, defendant below, filed an amended supplemental motion for a new trial. This

third motion was based upon the grounds of newly discovered evidence. As a basis for said third motion, the affidavit of one W. H. Samuels was attacked. Samuels was not subpoenaed nor his evidence taken in the trial. The substance of Samuels' affidavit was that he had taken some leases on certain lands from W. A. Wagoner, plaintiff in error, defendant below, and that he had forbidden C. C. Caskey, defendant in error, plaintiff below from drilling upon one of the said tracts of land. That he went away and came back and found that Caskey had moved his rig onto said lands, and that he notified Caskey that he would not be responsible for any drilling work upon said land, and that Caskey had replied that he did not consider it necessary that he (Samuels) promise to pay him for the drilling, and that he would not hold Samuels responsible for the pay, and that Wagoner was the one who had promised to pay him for the work; Caskey's suit being against Wagoner, and not against Samuels.

To the affidavit of Ballard, Hale filed a counter affidavit denying absolutely the statements of Ballard. H. L. Shannon, the attorney representing Caskey, the defendant in error, in this suit, also filed an affidavit denying the charges, and Caskey filed a counter affidavit to the affidavit of Samuels, denying the material parts of Samuels' affidavit in support of the second supplemental motion.

Afterwards the county court overruled the said motions for a new trial, to which action of the court exceptions were taken and appeal lodged in this court.

The plaintiff in error contends that the trial court committed error in refusing the motion for a new trial. In this contention, the plaintiff in error is confronted with the following rule by this court as to error of trial courts in passing on motions for new trials, which is followed and adhered to invariably and in numerous cases by this court. The latest pronouncement upon this proposition is the case of Hicks v. Alexander, 85 Okla. 96, 204 Pac. 923, the fourth paragraph of the syllabus of which case reads as follows:

"The granting or refusal of a new trial is always a matter largely within the legal discretion of a trial court, and the action of the trial court in granting or refusing a new trial will not be disturbed by this court on appeal, unless it clearly appears that there was an abuse of discretion."

To the same effect are Crouch v. Crouch, 59 Okla. 181, 158 Pac. 573; Vickers v. Phillip Carey Co., 49 Pac. 231, 151 Pac. 1023; M., K. & T. Ry. Co. v. James, 61 Okla. 1, 159 Pac. 1109; A., T. & S. F. Ry. Co. v. Schultz, 24 Okla. 365, 103 Pac. 756; Phillip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851; Chicago, R. I. & P. Ry. Co. v. Maynard, 31 Okla. 685, 122 Pac. 149.

The following is taken from the case of M., K. & T. Ry. Co. v. James, heretofore cited:

"Trial courts are vested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever, in the opinion of the trial court. the party asking for a new trial has not probably had a reasonably fair trial, and has not, in all probability, obtained or received substantial justice, although it might be difficult, in many instances. for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them."

The first contention argued by the plaintiff in error in his brief was upon the question of error by the trial court in overruling the motion for new trial for the reason of newly discovered evidence. The evidence relied upon is set out by the affidavit of W. F. Samuels. The record discloses that the defense of W. A. Wagoner, plaintiff in error, defendant below, was that the work by Caskey in drilling the well was not for him (Wagoner), but for W. F. Samuels.

W. F. Samuels' connection with the defense, developed by the record, was so close and intimate that we are unable to see how the plaintiff in error is to escape the conclusion that he would be presumed to have knowedge of the evidence that Samuels could testify to, or at least the probability of his having knowledge of the facts, and we think the following proposition, laid down in 29 Cyc. 892, applies:

"As a rule the applicant for a new trial must have made reasonable inquiry, where necessary, before the trial to learn what persons were present at the time a matter in controversy occurred. He must have been reasonably diligent to find and inquire. of persons known or supposed to have participated in an act, transaction. or conversation in controversy, or to have had some connection therewith or knowledge thereof. or to have been present at the time and place of its occurrence, as to their knowledge thereof. The failure of an applicant to inquire what a person supposed to have knowledge of a matter

in controversy knew about it or to call or examine him as a witness is not excused ordinarily by the fact that their relations were unfriendly or that the witness was believed to be hostile."

In the case of Lukens v. Garrett (Kan.) 44 Pac. 23, in discussing the proposition, the court stated the following:

"Before a new trial should be granted on the ground of newly discovered evidence, due diligence prior to the trial in respect to such evidence must be shown; and to this end it is not sufficient for the moving party merely to allege that he used due diligence, but he must show the facts, so the court can see whether there was due diligence, and when the record and showing made upon the application for a new trial disclose that the moving party, by the use of due diligence, might have obtained the evidence, it being upon transactions to which he was a party, and of which he had knowledge, a new trial should not be granted." Butler v. Estrella Raisin Vineyard Co.. (Cal.) 56 Pac. 1040; Arkadelphia Lumber Co. v. Posey (Ark.) 85 S. W. 1127; Bresnan v. Grogan, 74 Mo. App. 587; Cole v. Thornburg (Colo.) 34 Pac. 1013.

Also, in 29 Cyc. 899, discussing the proposition in regard to granting motions for new trial upon newly discovered evidence, the rule is stated as follows:

"It is not sufficient that the new evidence, had it been offered on the trial, might have changed the verdict. According to the weight of authority, it must be sufficiently important to make it probable that a different verdict will be returned on another trial. According to some authorities, the new evidence must be of a decisive or conclusive character, or such as to render a different result reasonably certain." Huster v. Wynn, 8 Okla. 569; Sexton v. Lamb, 27 Kan. 432; Robins v. Fowler, 2 Ark. 133; Wilkes v. Wolback, (Kan.) 2 Pac. 508. See, also, second syllabus, Trower v. Roberts, 17 Okla. 641, 89 Pac. 1113.

We do not think that it can be reasonably contended that under the principles of law as held by this court and as controlling this court in reviewing the action of the trial court in refusing or granting new trials, or under the principles of law so adduced from the rules we have enunciated in this opinion, it is possible for this court to hold that the trial court committed error in refusing a new trial upon the grounds of the newly discovered evidence.

Upon the question raised as to the juror, Hale, we are unable to see error in this holding. The proofs as to the con-

duct of this juror and of the attorney for the defendant in error, as shown by the affidavits, are totally insufficient to impeach the proceeding.

We have examined the three cases cited by the plaintiff in error and relied upon, and in those cases the admitted facts were such as to throw suspicion upon the proceedings, and this court held, as a matter of law, that they could not sustain the results of a trial under such admitted circumstances.

It is sought in the instant case to impeach this proceeding, not upon the direct proofs of a juror himself under oath after conclusion of the trial, but by proofs adduced by a third party, who testified to statements of the juror made to him. We do not think that a jury proceeding can be impeached upon such evidence, and most certainly we would not reverse the trial court in overruling an effort to impeach the verdict where the juror himself denied the statements and where he was corroborated by other witnesses as to his good faith. See 29 Cyc. 981.

In the case of Cain Bros. Co. v. Wallace, 26 Pac. 445, the Supreme Court of Kansas said:

"The last assignment urged is the misconduct of the jury. This claim is supported by the affidavits of two of the members of the corporation as to what one of the jurors told them after the trial had been concluded and the jury discharged. Statements made by a juror after the trial, and not under oath, are not competent evidence. They would simply be hearsay, and when the testimony of the juryman himself is not offered should not be considered."

To the same effect are: Sharpe v. Williams (Kan.) 20 Pac. 497; Gottlieb v. Jasper, 27 Kan. 770; Richards v. Richards (Colo.) 38 Pac. 323; Easley v. Mo. Pac. Ry. Co. (Mo.) 20 S. W. 1073.

Finding no error in the ruling of the trial court, the judgment of the trial court is affirmed.

HARRISON, C. J., PITCHFORD, V. C. J., and McNEILL and NICHOLSON, JJ., concur.