## PARRISH et al. v. NICHOLS.

No. 25746.  Oct. 22, 1935.

Rehearing Denied Dec. 10, 1935.

Embry, Johnson, Crowe & Tolbert and Hal Crouch, for plaintiffs in error.

Morrison, Morrison & Morrison, for defendant in error.

PER CURIAM. This is an appeal from an order granting a new trial by the district court of Oklahoma county.

The defendant in error, plaintiff in the trial court, brought this action against the defendants in the district court of Oklahoma county for recovery for personal injuries alleged to have been sustained by her on or about the 13th day of April, 1933, while she was a passenger in the defendants' taxicab. She alleged that the accident occurred at about the intersection of Fourth and Hudson streets, in Oklahoma City. Plaintiff did not join in the suit the driver of the Ford automobile which it is alleged collided with the taxicab. It is alleged that the driver of the taxicab was negligent in that the Ford automobile with which he collided was seen by him driving towards him in a ziz-zag manner, resembling a drunken driver, and that he failed to take proper precaution to avoid the collision, and that the collision was the result of the negligence of the taxicab driver.

Defendants denied the allegations of plaintiff's petition and alleged that if the plaintiff was injured as claimed, her injuries were proximately and solely caused by the negligence of the driver of the Ford automobile, and that said driver was at that time drunk and driving at an excessive rate of speed and that he ran over on his left-hand side of the street and into defendants' taxicab, and that said driver of the Ford car did not have his car under control and did not yield the right-of-way to the defendants.

The cause was tried to a jury and verdict was returned in favor of the defendants. The plaintiff filed a motion for new trial and included therein as one of the grounds thereof newly discovered evidence supported by the affidavit of plaintiff and of two witnesses

whom plaintiff claimed to have discovered since the trial of the cause.

Plaintiff re'ies on one specification of error, to wit, that the court committed error and abuse of judicial discretion in sustaining motion for new trial on the grounds of newly discovered evidence.

The alleged newly discovered evidence is the testimony of two passengers in the Ford car, one of whom was the driver. The testimony of the taxicab driver on the trial had been that the accident occurred after he passed the intersection, and that he was forced over to the curb and stopped his car when he saw the actions of the approaching Ford car, and that the Ford car ran into him after he had stopped. The testimony of the two witnesses who were in the Ford car and whose testimony is set up as newly discovered is to the effect that the accident occurred at the intersection, and that while possibly the driver of the Ford car had cut the corner a little too close, the driver of the taxicab was coming at a high rate of speed and failed to exercise ordinary diligence and care to prevent the accident.

However, this testimony was certainly available to the plaintiff before the trial of the case, and the most logical thing for her or her attorney to do before the trial of the case and in preparation for the case was to make inquiry of the persons likely to know the facts, and those were the persons who were in the Ford car at the time of the accident. The record fails to show any diligence whatever on the part of the plaintiff or her attorney in locating these witnesses, and obtaining their evidence. The record shows conclusively that these witnesses had been in Oklahoma City at all the times between the date of the accident and the date of the trial, and plaintiff cannot be heard to say at this time that she was unable to find them in time to present their testimony on the trial. There is some evidence that the identity of these witnesses was known to the defendants, but no responsibility rested upon the defendants to locate them for the plaintiff.

In addition to the above, the physical facts existing immediately after the accident, supported by the overwhelming preponderance of the evidence in the case, negative the testimony which is offered as newly discovered. The testimony is that the taxicab was proceeding north on Hudson street in the city of Oklahoma City and the Ford car which collided with it was going south. The taxicab driver testified that he had gone through the intersection of Fourth and Hudson streets and had stopped at a point about 25 feet north of Fourth street when the Ford car ran into him. One of the witnesses who made the affidavit supporting the motion for new trial was a passenger in the Ford car and swore that the collision occurred near the northeast corner of the intersection of Fourth and Hudson. The affidavit of Loren Hargis, who was the driver of the Ford car, admitted that the collision occurred at or approximately on the northeast corner of the intersection of Fourth and Hudson. In addition to the testimony of the driver of the taxicab, one of the owners of the taxicab line and three disinterested witnesses, to wit, a police officer, another peace officer, and a drug clerk from a drug store across the street from the scene of the accident, testified that immediately after the collision the taxicab was about 25 feet north of the intersection of Fourth and Hudson and the Ford car was jammed against it standing in a somewhat easterly direction.

Defendants re'y upon the case of Black v. Bell, 128 Okla. 160, 261 P. 222, where this court refused to vacate an order of the district court granting a new trial on account of newly discovered evidence. However, it appears in that case that the witness on whose testimony the motion for new trial was based had been contacted by the complaining party prior to the trial and was unwilling to give any testimony or any information, and that after the trial this same witness divulged facts which showed that there had been a miscarriage of justice. In that case this court, in affirming the order of the district court granting a new trial, found that there was not such a total lack of diligence shown as to have made it the imperative duty of the court under the law to deny the motion. In that case this court cited numerous authorities, including St. Louis & S. F. Ry. Co. v. Hurley, 30 Okla. 333, 120 P. 568. In the latter case, however, the reason for the complaining party not having obtained the testimony set up in the motion for new trial was quite clear, and it was also clear that failure to grant a new trial would result in a miscarriage of justice.

This court in Vickers v. Philip Carey Co., 49 Okla. 231, 151 P. 1023, said:

"There should be a reluctance in courts to disturb the verdicts of juries, unless in cases where it is manifest that either the law · has been perverted, or mistaken, or that the losing party has not had a full and impartial hearing. In deciding motions or petitions for new trials on account of

newly discovered evidence, courts have found it necessary to apply some stringent rules to prevent an almost endless mischief which a different course would produce. The reasons for this are obvious. As trial by jury is largely resorted to in the settlement of actions at law, there is a clear policy to protect such trials from the imputation of injustice, and preserve for it the good opinion of those whose dearest rights may be subject to its decision."

And held:

"A rule of wide recognition regarding the granting of new trials on the ground of 'newly discovered evidence' exacts that the evidence fulfills the following requirements: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issues; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence."

The rule was cited with approval in Wachstetter v. Challinor, 114 Okla. 119, 244 P. 194, and in later decisions. See, also, Manufacturers Finance Co. v. Sherman, 99 Okla. 295, 227 P. 451.

Magnolia Petroleum Co. v. McDonald, 168 Okla. 255, 32 P. (2d) 909, was a suit against the Magnolia Petroleum Company for destruction of property by fire caused by the sale by said company to plaintiff of certain gasoline or other highly explosive liquids when the p'aintiff had ordered kerosene. After verdict for defendant, plaintiff filed motion for new trial setting up as one of the grounds newly discovered evidence and naming certain witnesses who lived in the neighborhood of the plaintiff who could testify as to which building caught fire first. As plaintiff had alleged that the kerosene was used in a building where his incubator was, the question as to where the fire first started was very material to the issue. This court in that case said:

"If the proposed witnesses lived in the neighborhood of the plaintiff, and some of them c'ose to his premises, and if one of them first saw the fire and turned in the alarm, as claimed, it is but natural to suppose that they would have known something about the fire, and when the plaintiff failed to ascertain what these close neighbors knew about the matter, it cannot now be said that the plaintiff pursued due diligence and that the facts could not have been ascertained until after the trial. The failure to make inquiry of persons likely to know the facts shows a lack of diligence."

In that case this court quoted with approval from Lukens v. Garrett, 2 Kan. App. 722, 44 P. 23, as follows:

"Before a new trial should be granted on the grounds of newly discovered evidence, due diligence prior to the trial in respect to such evidence must be shown; and to this end it is not sufficient for the moving party to merely allege that he used due diligence, but he must show the facts, so that the court can see whether there was due diligence."

In this case the witnesses whom a diligent investigator would have sought were the taxi-cab driver with whom p'aintiff was riding and the occupants of the car which caused the collision or which was involved in the collision. The evidence shows that a complaint for failing to report the accident had been filed against the occupants of the Ford car in the common pleas court of Oklahoma county prior to the trial. It further shows that these witnesses who were riding in the Ford car had been 'in Oklahoma City from the time of the accident until the time of the trial, and in our opinion it was inexcusable negligence for this plaintiff and her attorney to fail to contact these witnesses and ascertain what they knew about the case.

Furthermore, in our opinion, the testimony which is offered as newly discovered would not be likely to compel a different verdict, and, in the light of the physical facts in the case, it should not result in a different verdict. This court held in Wagoner v. Caskey, 85 Okla. 168, 205 P. 137, that it is not sufficient that the new evidence might change the verdict, but the new evidence must be of sufficient importance to make it probab'e that a different verdict wi'l be returned on another trial.

In Marland Refining Company v. Snider, 120 Okla. 116, 251 P. 989, part of the second paragraph of the syllabus is as follows:

"And unless it appears that the newly discovered evidence would, with reasonable probability, compel a different verdict, the motion should be denied."

Trial courts have a wide discretion in passing upon motions for new trial, particularly at the term in which the verdict is rendered, but the right of a trial court to set aside a unanimous verdict of twelve jurors is not a right within the arbitrary discretion or will of the court. It is based on judicial discretion, warranted by law, guided by established precedent.

In our opinion the plaintiff could have, by the exercise of very little diligence, ascertained the names and residences of the witnesses who were in the Ford car, and have had their testimony available at the trial of this cause, and her failure to do so is lack of diligence which is inexcusable.

The judgment of the trial court is reversed and the cause remanded. with directions that the order granting a new trial be set aside and judgment be rendered for the defendants for their costs.

The Supreme Court acknowledges the aid of Attorneys Charles A. Coakley, A. G. Cochran, and Redmond S. Cole in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Coakley and approved by Mr. Cochran and Mr. Cole, this cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J.. OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.