## HANES v. BAKER.

No. 27551.   Nov. 2, 1937.

I. H. Cox, for plaintiff in error.

L. A. Wallace, for defendant in error.

PHELPS, J. This is an action on a promissory note. The trial judge, hearing the case without a jury, decided in favor of the plaintiff payee, 'and the defendant maker appeals.

The first contention is that section 12368, O. S. 1931, prohibited the introduction of the note into evidence, and that therefore the court erred in admitting said note over the objection of the defendant. Section 12368 provides, in substance, that no note of over eight months' duration, which has not been registered with the county treasurer and on which the tax has not been paid, shall be admitted in evidence. The note in suit is a demand note. Therefore it was not a note "of over eight months' duration," and the statute does not apply unless the contention of the defendant is correct, to the effect that he should have been allowed to show that when the parties made the note they had a verbal agreement that it would extend more than eight months. It might be added that more th'an ten years elapsed between the date of the note and the filing of suit, during which period payments were made from time to time.

The statute relates to the admissibility of the note as a documentary aid to proof of the debt. The tax is not levied against the debt, nor against the agreement creating the debt, but against the note itself, which is only evidence of the debt. We think it is obvious that whether the note is taxable should be determined from the face of the note, and that such test is the only safe and practical one. Otherwise the authorities in many cases could not determine whether a note is taxable or not taxable. Furthermore, if the defendant's contention were to be upheld, the same rule would of necessity work the other way, and it would follow th'at one could show by parol evidence that a note appearing on its face to be of over eight months' duration was really intended by the parties to be of less duration, and therefore not taxable. This would lead to confusion and uncertainty in the application of the law, and would permit or even encourage evasion of the tax in many instances.

The next contention is that the proof of the date of the last payment on the note, which the court held tolled the statute of limitations, was insufficient. In this connection the defendant proceeds on the assumption that the plaintiff's proof of the date of the last payment was limited to the entry on the note, reciting said date. The defendant, and also the plaintiff, have overlooked the fact that plaintiff's testimony was that the last payment "wasn't paid any earlier" than the date which the entry indicated, and, furthermore, that plaintiff later testified "it was paid on the date that is credited there," which was February 19, 1930, and this was less than the statutory five-year limitation period preceding the filing of suit. It is therefore apparent that plaintiff did not rely solely upon the indorsement of credit on the back of the note, but that he supplemented it with his own independent testimony to the effect that the payment was not made any earlier than that date, and then that it was m'ade on that identical date. This was sufficient.

The next contention is that the court erred in ruling that the burden of proof was upon the defendant to establish that the tolling payment was not made on the date alleged, rather than upon the plaintiff to prove that it was made on that date. We do not find any such ruling in the record. At one place the trial judge, by his remarks, which were not included in the journal entry, seemed to be in agreement with the plaintiff's attorney that the burden was upon the defendant, but no formal ruling was ever made, and, in the second place, if the defendant was of the opinion that such ruling had been made, he did not except thereto, and is therefore precluded from raising the point in the appeal.

The final contention is that the trial court erred in refusing to grant defendant a continuance in order to produce a witness to counteract certain testimony of plaintiff, which testimony defendant says took him by surprise. The record reveals that the plaintiff and the defendant, long prior to the trial, discussed the events and circumstances which he now says surprised him when the plaintiff testified describing them. The continuance was asked for, so that the defendant could produce a witness by the name of McCulloch, who would have refuted the plaintiff's testimony as to the date of the last payment. Since the defendant knew the date which plaintiff claimed was the date of the last payment, he was amply forewarned of what the contention would be, and due diligence would have required the producing of McCulloch as a witness on behalf of the defendant at the hearing itself. Furthermore, in view of the admission of defendant's attorney, as contained in one of his questions, that prior to the trial he had discussed with the plaintiff virtually the same matter by which he now claims he was surprised, it is apparent that this contention is untenable. In M., K. & T. Ry. Co. v. Horton, 28 Okla. 815, 119 P. 233, we held that surprise at the trial is not sufficient ground for a continuance unless it is such as could not have been obviated by the exercise of ordinary care and due diligence on the part of the party asking for the continuance. See, also, Minnehoma Oil Co. v. Koons, 99 Okla. 266, 226 P. 1049; Holland Banking Co. v. Dicks, 67 Okla. 228, 170 P. 253; Parrish v. Nichols, 175 Okla. 251, 52 P. (2d) 54.

The judgment is affirmed, and judgment is entered on the supersedeas bond in accordance with the motion of defendant in error.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur.