RABINOVITZ et al. v. TAYLOR.

No. 30638.   Sept. 29, 1942.

*129 P. 2d 860.*

C. R. Thurlwell, of Tulsa, for plaintiffs in error.

T. F. Dukes, of Hominy, for defendant in error.

PER CURIAM. This is an action in damages commenced by the plaintiff, Carl Taylor, against the defendants, B. Rabinovitz and Ida Rabinovitz, to recover for loss sustained due to a grass fire. On a trial to a jury a verdict was

returned for the plaintiff for $720, and judgment being entered thereon, defendants appeal presenting seven allegations of error in two general specifications: (1) There is no evidence to sustain the finding of the trial court that the grass was set by the defendant; (2) the court erred in giving certain instructions.

There is a third allegation of error which arises upon the submission of certain affidavits by the defendants in their motion for new trial which we shall treat hereafter as an allegation of alleged error of the trial court in refusing to grant a new trial on the ground of newly discovered evidence.

The facts substantially establish that the defendants were the owners of an oil and gas lease on certain real estate; that a number of lines conveying oil and gas ran across this lease. One of these lines conveyed gas to the neighborhood house. This line became frozen. The lease adjoined the grass or pasture lands of the plaintiff. On the morning in question, to wit, the 28th day of December, 1938, at about 11 o'clock, a fire was started near these mentioned lines and spread from the lease causing the damage to the plaintiff's grass. It is conceded by the defendants and apparently accepted by the plaintiff that the fire was started, or set, by Leon Linton in order to thaw out the gas for cooking and household purposes, and the chief contention appears to be whether Leon Linton was the agent or servant of the defendants, or whether there is any competent evidence reasonably tending to support a finding that the fire which started the grass fire was set at the instance and request of the defendants.

We think there is sufficient evidence to establish the fact that Leon Linton was the agent or acting for the defendants. Agency is a question of fact, and where the evidence is in conflict, this question is for the jury. Williams v. Leforce, 177 Okla. 638, 61 P. 2d 714. The witness Reynolds testified that Leon Linton was about the place helping in the work around a well on the lease.

This witness also testified that Leon Linton was with the defendant B. Rabinovitz and that B. Rabinovitz stated to an oil worker, Wiley, in the presence of the witness, that B. Rabinovitz and Leon Linton would go to the line and thaw it out in order to get gas for cooking purposes. Aside from this, there are facts and circumstances tending to show that defendant B. Rabinovitz ordered the fire set. He was down in the neighborhood of the fire at about the time the fire was started and he makes no satisfactory explanation as to how the fire started, or why Leon Linton set it, if he did, except to thaw the line for necessary household purposes, and the argument, by the defendants, on the sufficiency of the evidence is merely a demand that this court weigh the evidence and decide in favor of the defendants. This, the court has many times held, is the exclusive province of the jury. Two fire cases are cited by the defendants: Minnehoma Oil & Gas Co. v. Johnson, 139 Okla. 284, 282 P. 303, wherein there is no evidence that any alleged agent of the defendant participated in setting the fire; and Lawson v. Anderson & Kerr Drilling Co., 184 Okla. 107, 84 P. 2d 1104, wherein it asserts that there was no evidence that any agent, alleged or otherwise, participated in setting or arranging the fire which caused the ultimate damage. In our opinion these cases are inapplicable. It is next argued that the court erred in its instruction as to the measure of damages. No request was made for an instruction on the measure of damages and no instruction was submitted with a request that it be given. The court properly instructed on the necessary elements of damage to the grass in question which was destroyed. Under the rule of this court in City of Altus v. Martin, 185 Okla. 446, 94 P. 2d 1, the alleged error, if any, in the case at bar is waived. The remaining objections to the instructions are not briefed. The defendants merely state that there was error in giving certain instructions. Error is never presumed. Allegations of error not supported by authorities are waived unless the error is so apparent

as to work substantial injustice. Instructions covering the various questions of law arising out of the issues joined by the pleadings and the proof with substantial accuracy are all that is required. Lusk v. Haley, 75 Okla. 206, 181 P. 727.

We have examined the instructions of the court and find, upon the theory submitted by the plaintiff, the instructions are free from substantial error.

Finally, defendants complain that the court erred in not granting a new trial based upon certain affidavits purporting to establish newly discovered evidence. The nature of these affidavits suggests only evidence cumulative in its nature and at the most contradictory of the testimony of the witness Reynolds. There was no newly discovered evidence suggested which would require a new trial.

Finding no error, the judgment is affirmed.

OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY, J., absent.