L. H. RALSTON, d/b/a Ralston Trucking Company and Western Casualty & Surety Company, a Corporation, Plaintiffs in Error,

v.

G. E. TUCKER, Defendant in Error.

No. 37879.

Supreme Court of Oklahoma.

Feb. 25, 1958.

Rehearing Denied April 23, 1958.

Williams, Williams & Williams, Ardmore, for plaintiff in error.

Wilson Wallace, Ardmore, for defendant in error.

BLACKBIRD, Justice.

The present appeal involves alleged error of the trial court in granting a new trial on account of newly discovered evidence in an action in which defendant in error, hereinafter referred to as plaintiff, sued plaintiff in error, hereinafter referred to as defendant, for damages resulting from a collision between plaintiff's automobile and defendant's truck on the main street of Healdton, Oklahoma, in June, 1955. Contact between the two vehicles occurred while the truck was being driven west on said street at, or about, the time plaintiff was attempting to back his car into said street from its parking place diagonal to the curbing along the north side of said street.

Plaintiff's version of the accident was that defendant's 4-ton truck, consisting of a Mack tractor, pulling a dual-wheeled tandem trailer, and driven by one Blackberby, struck the rear of his auto after he had backed it about 2½ or 3 feet away from the curb and had stopped to let the truck pass behind it down the street. Defendant's version was that plaintiff's car had not stopped, but had suddenly, and without warning, emerged into the traffic lane in which the truck was moving, after the truck had almost completely passed behind it so that the auto struck only the right rear "duals" of the tandem trailer.

Most of plaintiff's witnesses, who testified as to how the accident occurred, stated that plaintiff's car had stopped its backward motion away from the curb and was standing still about 2 or 3 feet out into the street's north traffic lane when the contact between the two vehicles occurred; but none of them were in a position, at that moment, to see the two at their precise point of contact and could not, of their own personal knowledge, explain how the tractor and front part of the trailer escaped all contact with plaintiff's car, while the right rear wheels of the trailer did not. Nor were any pictures or diagrams introduced to show how, or at what angle the contact was made.

This hiatus in plaintiff's evidence, and defendant's uncontradicted proof that the tractor and trailer had the same overall width from front to rear, and that while the truck was moving straight forward the wheels of the trailer "tracked", or followed directly behind, and in line with, those of the tractor, served to lend credence to defendant's claim that plaintiff's auto backed into his truck without warning, after said truck had almost completely passed said auto and while the truck was moving straight west in the north lane of traffic, and tended to support the logical inference from Blackberby's testimony that otherwise the rear end of the auto would have scraped along the side of the trailer rather than contacting it only at its rear duals.

Submission of the cause to the jury resulted in a verdict for defendant signed by the majority of the jurors, and filed February 28, 1957, and apparently judgment was entered accordingly. After filing his motion for a new trial on other grounds, plaintiff amended it to include the ground of newly discovered evidence. This newly discovered evidence consisted of a version of the accident recalled by one H. O. Worsham, who, in an affidavit attached to the motion, stated, in partial substance, that he was driving down the street immediately behind defendant's truck when the accident occurred and saw the truck swerve to the left to go around the rear end of plaintiff's car and then turn back to the right so soon that the truck's right rear dual wheels struck the car. Worsham's affidavit corroborated the testimony introduced on behalf of plaintiff to the effect that plaintiff's car was standing still at that time.

After a hearing on the above-described motion, the trial court took it under advisement, announcing, in substance that he was going to review some of the testimony. Several days later he entered an order sustaining the motion and granting plaintiff a new trial. It is from this order and/or judgment that defendant has perfected this appeal.

In the five propositions defendant advances to show error in the sustaining of plaintiff's Amended Motion For New Trial, his position is generally and collectively that the claimed newly discovered evidence, in the form of the above-described testimony Mr. Worsham offered to give, did not, and/or was not shown to, meet 5 of the 6 requirements of such evidence as ground for a new trial. These requirements are shown in the fourth paragraph of the syllabus in the leading case of Vickers v. Phillip Carey Co., 49 Okl. 231, 151 P. 1023, L.R.A.1916C, 1155, as follows:

"A rule of wide recognition regarding the granting of new trials on the ground of 'newly discovered evidence' exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; * * *. (6) it must not be to merely impeach or contradict the former evidence."

Under defendant's Proposition No. I dealing with requirement "(6)" above, his argument is unusual, if not inconsistent. His counsel first sets forth their brief summary of the various witnesses' testimony about how the accident occurred, and then say " * * * not a single witness testified to the facts as set forth * * * " in Mr. Worsham's affidavit. Then they argue that Worsham's testimony, as foretold in his affidavit, would contradict and tend to impeach testimony introduced on defendant's behalf to the effect that his truck was driven straight ahead and did not turn to the right nor to the left. They cite Rabinovitz v. Taylor, 191 Okl. 287, 129 P.2d 860, 862, and other cases in an attempt to show that a "contradictory" affidavit is not sufficient for the purpose of obtaining a new trial on the ground of newly discovered evidence. They argue, in substance, that

if a new trial could be obtained on that ground, each time such an affidavit could be secured, then there would be nothing to keep defendant from obtaining another new trial in the event the one already ordered resulted in a verdict and judgment for plaintiff and in that manner litigation might be prolonged interminably. We think defense counsel's argument overlooks, or misapprehends, the true import of the rule. The Rabinovitz Case contains nothing in its syllabus concerning the point, but in the body of the opinion therein, this Court said that the nature of the affidavits there involved "suggest only evidence cumulative in its nature and at the most contradictory * * *" of a certain witness. This was followed by the terse statement that: "There was no newly discovered evidence suggested which would require a new trial." The true significance of the terms "merely" and "at most" preceding the words "contradictory" and "impeaching" in various statements of the 6th requirement of such evidence is shown in the following explanation of the Vickers Case, supra, in Belford v. Allen, 183 Okl. 256, 80 P.2d 671, 676:

> "As stated in that case (151 P. at page 1027) if the newly discovered evidence 'tends to prove a distinct and material fact, and would probably produce a different result, a new trial, it is true, should be granted, although such evidence may also tend to impeach the adverse party or his witnesses.' It can be seen from this statement that if the newly discovered evidence *only* impeaches the witness, but *proves no distinct and material fact,* it does not fulfill the requirement that such evidence must not be *merely* to impeach or contradict a witness." (Emphasis ours.)

In accord is 39 Am.Jur., "New Trial", secs. 167 and 168, which notes the distinction between evidence which merely impeaches a witness in the sense that it serves to challenge or destroy his credibility, and evidence having probative force in showing facts contrary to those to which he testified. The case of McCabe v. Sloan, 184

S.C. 158, 191 S.E. 905, is one applying the true rule in a manner that points the way toward its proper application here. The two cases are analogous to the extent that in both there was a hiatus in the evidence as to just what occurred at the moment of impact. As a result of the hiatus in this case, plaintiff's evidence was left without any clear or reasonable explanation of how it was possible for the rear end of plaintiff's car to contact only the rear wheels of defendant's trailer—if the car was stopped before the front of the trailer truck reached it (as most of the witnesses testified) and the truck was moving straight ahead and it was the same width from its front wheels to its rear ones. From their testimony, none of plaintiff's witnesses had the side of the truck and the rear end of the car in direct view—when, or just before, the noise of the collision was heard. In this state of the record there was no showing of physical facts to forestall a conclusion by the jury that plaintiff's car rammed the truck, as defendant's witnesses, the truck's driver and its "swamper" inferred, though the testimony of both shows they did not actually see the car strike the truck and did not know the two vehicles had made contact until the truck was almost past plaintiff's car and they heard the noise made by the contact, coming from the rear of the long trailer. One witness, Elmer Province, a peace officer, who testified on plaintiff's behalf, that he was on the sidewalk down the street between 50 and 100 feet, mentioned that "it looked like maybe it (the truck) pulled over to the left a little * * *", but he was not asked to, and did not, elaborate on this fact, and, as far as the record shows, was not in a position to see, or explain, how this had anything to do with causing the collision—as the prospective witness, Worsham, affies that he was. In view of this situation, we think the testimony Worsham proposed to give is not contradictory or impeaching within the meaning of the rule above referred to.

In defendant's Proposition No. IV, dealing with the requirement set forth as "(4)" in the hereinbefore quoted syllabus of the

Vickers Case, supra, that the newly discovered evidence "must be material to the issue; * * *" defense counsel, after pointing out some of the allegations of plaintiff's petition, in substance that defendant's truck was being driven at an excessive speed and that its driver failed to keep a proper lookout and to stop within the assured clear distance ahead, argues that since Worsham's proposed testimony would not be germane to such allegations, it would in nowise be material to the issues framed by the pleadings, but instead would inject a new issue and furnish a basis for plaintiff to re-try the case on a wholly new theory of defendant's negligence. We do not agree. A foundation stone of plaintiff's cause of action was that defendant's truck struck his auto (instead of his auto striking the truck); and Worsham's testimony would show how this occurred. As hereinbefore indicated, we think that matter was quite material to the issues of the case and such testimony, when submitted to the jury, might quite properly present to it evidence to support plaintiff's general allegation, the substance of which was that, at the time of the accident, defendant's truck was being driven in a negligent and careless manner and in disregard of plaintiff's rights on Healdton's main street. Our conviction that Worsham's testimony was material to the issues, not merely as forecast by the pleadings but as joined by the evidence and actually submitted to the jury (see 3rd parag. of syll. in Mayes County Milk Producers Ass'n v. Hunter, Okl., 317 P.2d 736) is strengthened by noticing that if Worsham had testified at the trial, as he now proposes to do, and the jury had believed his version of how the accident occurred, as supplemented in additional detail by some of plaintiff's witnesses, it would have been impelled under the court's Instruction No. 7 (whether correctly or incorrectly) to have found defendant liable.

■ This brings us to defendant's Proposition III, dealing with the requirement that newly discovered evidence, in order to be ground for a new trial, must be such as will probably change the result if a new trial is granted. Under this proposition defense counsel cite Wagoner v. Caskey, 85 Okl. 168, 205 P. 137, 138, for the holding that it is not sufficient that such evidence might have changed the verdict, but that it "must be of sufficient importance to make a probability that a different verdict will be returned upon another trial." Then counsel refer to certain oral statements the trial judge made from the bench, while in the process of sustaining plaintiff's motion, as indicating that in his opinion the newly discovered evidence only "might" or "could" change the result on a new trial; that this was not as probable in his view, as the rule requires; and that in said ruling, he unwarrantedly took into consideration the fact that the verdict on this first trial was not unanimous. We do not perceive that the rule counsel relies upon contemplates degrees of probability. It merely distinguishes between possibility and probability, and declares the former insufficient. We think counsel's argument not only bandies the words of the trial court in a highly technical and biased manner, but deals with a portion of the record that cannot be used to reverse its decision in view of the fact that the journal entry thereof contains no such statements, remarks or opinions. See Hays Trucking Co. v. Maxwell, Okl., 261 P.2d 456. We have concluded that Worsham's proffered testimony is "of sufficient importance to make a probability that a different verdict will be returned upon another new trial"; and upon consideration of the trial court's sustaining of plaintiff's motion and the presumptions accompanying this ruling on appeal, it must be assumed that he would not have entered it had he not entertained a like view of this evidence—whether he said so in the strongest and most unequivocal terms, or not. We are likewise unimpressed with defense counsel's argument that because Worsham did not make his testimony available to plaintiff sooner, and his affidavit mentioned facts not observed by other witnesses, it is unworthy of belief. As hereinbefore noted Worsham had a vantage point in viewing the collision and observing facts about it

that other witnesses did not have. Furthermore, we think defense counsel's innuendos concerning the tardiness of Worsham's statement are not justified under the circumstances, and pertain to considerations of its credibility not now properly before us.

■ As defendant's Propositions Nos. "II" and "V", concerning requirements numbered "(2)" and "(3)" in the Vickers Case are, in a manner, related, we will deal with them consecutively. Under Proposition No. V, defense counsel argues that Worsham's statement cannot be considered "newly discovered evidence" because plaintiff's counsel's opening statement predicted that his witnesses would testify that defendant's truck driver "turned" the truck so that its "back end" went into the "back end" of plaintiff's car. Black v. Bell, 128 Okl. 160, 261 P. 222, involved a somewhat analogous situation. There defendant, at the trial of the cause, based his defense largely on the hypothesis that certain leases there involved cost plaintiff only $2,400. A Mr. Keeler had personal knowledge of this fact, and, though defendant relied upon his being produced by plaintiff as a witness at the trial, he did not appear there. After judgment against defendant, Keeler, for the first time, disclosed the true facts to defendant, who attached his affidavit, about them, to his motion for a new trial. There this court held that awarding him a new trial on the basis of the representations of said affidavit was not error. Here, the fact that plaintiff's counsel anticipated, as shown by his opening statement, that there would be evidence offered at the trial that defendant's truck turned just before striking plaintiff's car, is not determinative of whether or not Worsham's statement was "newly discovered" evidence; and we so hold.

■ In support of their argument under Proposition No. II, that the evidence adduced at the hearing on plaintiff's amended motion for a new trial was insufficient to show that Worsham's evidence was such

as could not have been discovered before the trial, by the exercise of due diligence, defense counsel assert that such evidence failed to meet the requirements for "due diligence", set forth in Berry v. Park, 188 Okl. 477, 110 P.2d 902, 903, and Parrish v. Nichols, 175 Okl. 251, 52 P.2d 54. In the first cited case this court held:

> "The failure to make inquiry of *persons likely to know* the facts constituting alleged 'newly discovered evidence', *such persons being reasonably available upon ordinary inquiry,* and *there being no hindrance to such inquiry,* is failure to exercise reasonable diligence to discover such evidence as might have been established by said persons as witnesses." (Emphasis ours).

Defense counsel attempts to make much of the fact that, at the hearing on the motion, plaintiff, in relating what he did in contacting witnesses to the accident, stated that he talked only to those he knew of and didn't inquire of anyone whether or not there was an auto, such as Worsham's, following behind the truck at the time it collided with his car. They say it must be presumed that those who testified, as witnesses for plaintiff, that they "were all looking at the accident at the time it happened", saw Worsham's car and would have been able to apprise plaintiff of his presence had they been interrogated about it. None of the witnesses at the trial, even the few who testified that they saw defendant's truck before the accident, indicated that they could see behind the truck, or noticed any car there. In his affidavit, Worsham stated that he drove *by* the plaintiff's car, inferring that he did not stop. The affidavit further stated that he did not learn, until later, that the car belonged to plaintiff and that he told no one he had seen the accident until March 2, 1957. In accord therewith, plaintiff testified that the only time he had ever talked to Worsham was on the latter date, when he met him in Ringling, Oklahoma, and Worsham asked him how he "came out at the trial * * *". This case is readily distinguishable from Parrish v.

Nichols, where the two witnesses, whose statements were the claimed "newly discovered" evidence, were occupants of one of the vehicles in the Oklahoma City accident out of which the case arose, and the evidence showed that they remained in said city at all times afterward and before the trial. Here, Worsham's residence is not in Healdton, but is located three miles east of Ringling, and, for all that the record shows, he was not, after the accident, at any place where he might have been noticed, or seen, by either of the parties involved, or by any of the other witnesses to the accident. The parties tacitly concede that want of diligence *must appear* before an order granting a new trial on the ground of newly discovered evidence will be reversed on appeal. In Hayne, New Trial and Appeal (Rev.Ed.), sec. 92, p. 439, it is said:

> "The reason of this rule is said to rest in the peculiar scope of the discretion of the trial court as to the question of whether the reasonable diligence required by the statute was or was not exercised. This discretion once exercised, there must be a showing of diligence or a showing of a want of diligence, as the case may be, made upon the record, to warrant the interference of the appellate court with an order denying, or one granting, a new trial on this ground. The presumption in every case is that the discretion of the court was properly exercised and there must be an affirmative showing to counterbalance or to overturn, this presumption, whether the motion be granted or denied."

See also cases digested under 12 Okl.St. Ann. 651, subd. 7, Note 2. In the present case there is not a sufficient showing in the record of plaintiff's lack of due diligence to overturn the trial court's order and/or judgment. Accordingly, said judgment is hereby affirmed.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.