No. 39,815

THE STATE OF KANSAS, ex rel. LORENE TOMISKA, *Appellant*, v. J. B. HALL, *Appellee.*

(289 P. 2d 781)

Opinion filed November 12, 1955.

*R. E. Angle,* Special Prosecutor, of Wichita, argued the cause, and *Harold R. Fatzer,* Attorney General, and *Warner Moore,* County Attorney, were with him on the briefs for the appellant.

*Leroy Warner,* of Wichita, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is a bastardy proceeding in which the appellee was acquitted and the state appeals.

We are not disposed to burden our reports with the sordid facts of this case when they are neither necessary nor required in order to dispose of the decisive appellate issue involved.

Appellant specifies error in the overruling of its motion for a new trial and the sole question presented by the record is whether it was error to overrule such motion on grounds of misconduct of the jury when the only evidence presented the trial court on the hearing was testimony on the part of an assistant prosecutor, objected to by the appellee as hearsay and incompetent, to the effect that after return of the verdict acquitting the appellee three members of the jury had called his attention to the fact entries on a hotel ledger, introduced by the state, were of such nature as to indicate the relatrix and a man, other than the appellee, had registered in and occupied

the same hotel room on the same date she charged appellee with the wrongful conduct resulting in her giving birth to the alleged bastard child.

Based on the foregoing testimony, which we pause to note does not even purport to state the jurors in question advised the assistant prosecutor the status of the hotel register entered into or was responsible for the verdict acquitting appellee, the state contends it was error to overrule its motion for a new trial.

The question thus raised by the state has long since been set at rest by this court in decisions which have never been modified, disapproved, or set aside. See, e. g., *Cain v. Wallace*, 46 Kan. 138, 26 Pac. 445, where it is held:

"Statements of a juryman of what took place during the trial of an action, made after the rendition of the verdict and the separation of the jury, and not under oath, are simply hearsay evidence, and it is not error for the trial court to overrule a motion for a new trial, based upon affidavits of such hearsay statements." (Syl. ¶ 4.)

For earlier decisions of like import see *Gottleib Bros. v. Jasper & Co.*, 27 Kan. 770; *Sharpe v. Williams*, 41 Kan. 56, 20 Pac. 497.

The appellant presents, and we discern, no sound reason for repudiation of the salutary rule that a trial court does not err in overruling a motion for a new trial under the confronting facts and circumstances. Indeed, this very case discloses the reasons for its pronouncement. For all the trial court knew, and for that matter all we know from the record before us, the statements made by the jurors to the assistant prosecutor might have been made in jest or for some other spurious reason. Of a certainty it cannot be said the state has established that they, or the matter to which they referred, were ever considered in the jury room or responsible for the verdict. If the state desired to establish misconduct on the part of the jury with respect to the particular matter in question, it was up to it to show that misconduct by affidavit, deposition or oral testimony of the jurors in the manner contemplated by our code of civil procedure. Having failed to do so it cannot now successfully urge error in the overruling of its motion for new trial.

The judgment is affirmed.

ROBB, J., not participating.