John GOWIN and Ollie Gowin, Plaintiffs in Error,

v.

Charlie JULIUS, Defendant in Error.

No. 36345.

Supreme Court of Oklahoma.

Dec. 14, 1954.

Rehearing Denied Jan. 25, 1955.

Application for Leave to File Second Petition for Rehearing Denied Feb. 15, 1955.

Brown, Darrough & Darrough, Oklahoma City, for plaintiffs in error.

E. Blumhagen, Watonga, for defendant in error.

O'NEAL, Justice.

The plaintiff, Charlie Julius, brought an action in habeas corpus for possession of his minor daughter. From a judgment awarding him the custody of the child, the defendants, John Gowin and Ollie Gowin, appeal.

Charlie Julius and Ruby Rose were married in 1941 and established a home in Blaine county, Oklahoma. A child was born to them in November 1943, which they named Roberta. Early in the following year, Roberta's mother died. The father complying with his wife's request, made shortly prior to her death, placed the child, then six months old, with the maternal grandmother, Mrs. Rose, who resided in or near Keota in Haskell county, Oklahoma. Roberta lived with her grandmother from 1944 until 1952. Upon the death of her grandmother in August 1952, Roberta was taken into the home of Mr. and Mrs. Gowin, her uncle and aunt, who lived near the town of Keota.

The record discloses that after the death of her grandmother a tentative arrangement was entered into between plaintiff and defendants, that Roberta should remain with her uncle and aunt for the school year, 1952 and 1953, and then go to her father's home in Blaine county. When the school year closed, plaintiff requested the custody of his daughter. The request was refused, resulting in the filing of the habeas corpus action.

Upon the trial, the court made general findings in conformity with the foregoing statement, and upon additional findings that plaintiff and his present wife are fit and proper persons to have the care and custody of Roberta, now ten years of age. That the father's character, habits and financial conditions are such as to indicate he can and will make suitable provisions for the care, sustenance, education and moral development of his daughter.

The court further found that, although defendants were proper persons to care for the minor child, the father's right of custody is a superior right.

The defendants' appeal challenges the sufficiency of the evidence to sustain the judgment rendered. It is asserted that the decree, upon its face, discloses that the trial judge erroneously failed to give any consideration to the wishes of the minor, as to her future custody—or her best interest, as is indicated by the court's conclusion of law as follows:

"The court directs that it be noted in the journal as part of the court's decision in this case, and as a conclusion of law which the court considers, itself bound by the decisions of the Supreme Court of Oklahoma to follow in deciding this case, that under the circumstances proved by the evidence in this case and summarized in the findings of fact above set forth, the court cannot properly now consider the wishes of the child, and cannot now properly consider the ties of love and confidence that have grown up between the child and the defendants, and cannot properly now consider whether it is best for the child not to disturb that relationship, and the court directs that the journal reflect that the court did not take these matters into consideration in deciding the case."

Clearly under 30 O.S.1951 § 11, the court in awarding the custody of a minor

should be guided by what appears to be the best interest of the child in respect to its temporal, its mental and moral welfare; and may take into consideration the child's preference in that respect.

■ Whether the trial court erroneously failed to give consideration to the wishes of the minor as to her future custody, or to take into consideration the child's affections for her uncle and aunt, is under this record immaterial, for the reason that the court's disposition of the case was correct.

The evidence amply supports the findings that plaintiff, following his wife's request, consented that the child, then six months of age, be given into the custody of the grandmother. During the grandmother's custody plaintiff contributed substantial sums toward the child's necessities. While in the military service plaintiff designated both the child and the grandmother as dependents. He made substantial payments as child support in addition to governmental allotments. He owns land in Blaine county, upon which he resides, with his present wife.

■ We find ample evidence to support the court's finding that he is a competent person to have the custody of his minor daughter. Defendants argue that the child is happy and contented in her present home, and that relationship should not be disturbed. In Zink v. Milner, 39 Okl. 347, 135 P. 1, this court said:

"Discretion of Court. The mere fact that a child is happy and contented where he has been placed, and even shows a greater present affection for his great-aunt than for his own father, does not warrant a judge in refusing to recognize the rights of the father to the care and custody of the child. No reason has been adduced in this case for ignoring the father's rights other than the supposed happiness of the child, arising out of the situation. A judge has some discretion over the subject of the care and custody of children; but it has to be exercised on more solid and substantial grounds than those which were advanced in this case.".

■■ By positive law, as well as by the law of nature, parents have the paramount right to the custody of their children. This is an alienable right, which transcends all other asserted rights. When, and only when, a parent is judicially declared to be unfit, can the state deprive the parent of the custody of the child. The state's power then is based on its position as parens patriae, which inheres in its sovereignty to protect its infant citizens.

The judgment is affirmed.