**Larry Joe CHURCH, Appellee,**

v.

**Betty LaFurne CHURCH, Appellant.**

**No. 57379.**

Supreme Court of Oklahoma.

Dec. 14, 1982.

Rehearing Denied Feb. 8, 1983.

Kenneth W. Lackey, Eufaula, for appellee.

W.R. Burnham, Eufaula, for appellant.

OPALA, Justice:

The issue presented by this appeal is whether a decree-imposed support obligation of a non-custodial father is terminable upon the marriage of his 16-year-old son who is attending high school. We answer in the negative.

Custody of the minor son of the parties was reposed by the divorce decree in the mother; the father was ordered to pay support during the child's minority. Upon the son's marriage at the age of 16, the father sought judicial termination of his financial obligation. The sole issue before the trial court was whether the father's decree-imposed obligation stood terminated *ex lege* upon the son's marriage. The record is undisputed that the son (1) is a full-time student in high school and (2) is unable to support himself. The mother is the sole provider for both him and his wife. The trial court ruled that the minor became emancipated upon his marriage[1] and the father's legal obligation to pay support terminated *ex lege.*

By the terms of 12 O.S.1981 § 1277 a minor child of divorced parents is entitled to support during his minority. If such dependent child is regularly and continuously attending high school, the parents' obligation continues through the age of eighteen.[2] This obligation is status-based. Statutory law, which places *both parents* under a common burden of support, creates an interparental claim for contribution which is litigable in a post-decree proceeding.[3]

The court's power to make provision for the support and education of a minor child of divorced parents stands statutorily extended *beyond the time of emancipation ex lege.* Legislative authority to impose the obligation past the age of majority is clear.[4] The full sweep of § 1277 is not before us either for appraisal or construction. We are not called upon here to decide whether § 1277—arranged in the statutory compilation among divorce-related enactments—creates a general support duty that may be enforced in litigation *dehors* interparental divorce contests.[5] The precise question in this appeal is whether the child's emancipation by marriage placed him beyond the shield of § 1277. We think not.

---

1. The terms of 10 O.S.1981 § 10 provide in pertinent part: "The authority of a parent ceases: * * * Upon the marriage of the child * * ".

2. The terms of 12 O.S.1981 § 1277 provide: "Any child shall be entitled to support by the parents until the child reaches eighteen (18) years of age. If a *dependent* child is regularly and continuously attending high school, *said child shall be entitled to support by the parents through the age of eighteen (18) years.*" [Emphasis added].

3. *Warren v. Hunter,* Okl., 632 P.2d 418, 419 [1981].

4. *Galloway v. Galloway,* Okl., 600 P.2d 321, 323 [1979]; *Irby v. Martin,* Okl., 500 P.2d 278, 280 [1972].

5. The location of a statute in the compilation does not generally limit the meaning, force and effect of its provisions. *McCracken v. City of Lawton,* Okl., 648 P.2d 18, 20 [1982]; *WRG Construction Co. v. Hoebel,* Okl., 600 P.2d 334, 336 [1979]; *Green v. Green,* Okl., 309 P.2d 276, 278 [1957].

 

The wording of § 1277 is clear. The obligation it creates extends to "*any* [dependent] *child* ... regularly and continuously attending high school." [6] [Emphasis added]. *No exception is recognized.* The court will not read into the clear language of a statute any additional provisions not contemplated by the legislature.[7] A minor dependent child who is emancipated by marriage is nonetheless entitled to support from his parents so long as he falls within the purview of § 1277.

The order of the district court is therefore reversed.

HODGES, LAVENDER, DOOLIN, HARGRAVE and WILSON, JJ., concur.

IRWIN, C.J., BARNES, V.C.J., and SIMMS, J., dissent.

---

**6.** 12 O.S.1981 § 1277.

**7.** *Independent School District # 89 of Oklahoma County v. Oklahoma City Federation of Teachers,* Okl., 612 P.2d 719, 724 [1980].