2007 OK 32

**Tammy D. MAHMOODJANLOO, Plaintiff/Appellee,**

v.

**Behrooz MAHMOODJANLOO, Defendant/Appellant.**

**No. 101,196.**

Supreme Court of Oklahoma.

May 15, 2007.

Floyd Taylor, Oklahoma City, OK, for Appellant.

Janice Logan Morrow of Riggs, Abney, Neal, Turpen, Orbison & Lewis, Oklahoma City, OK, for Appellee.

EDMONDSON, V.C.J.

¶1 This is an appeal by Behrooz Mahmoodjanloo, father and custodial parent of two daughters, from the trial court's order denying his post-decree effort to relocate with his children to New York. Father argues the trial court misapplied the statutory burden of proof set forth in 43 O.S. Supp.2004, § 112.3,[1] the new relocation act, and we agree. He complains of the new statute's failure to follow existing law and also challenges the statute's constitutionality. We reverse the order of the trial court for its misapplication of the statutory burden of proof, and remand the issues to the trial court for reconsideration with directions.

I.

¶2 The right of a custodial parent to relocate to a distant new home with his or her child when that move is opposed by the noncustodial parent is governed by two different statutes: 10 O.S.2001, § 19 and 43 O.S. Supp.2002, § 112.*3*.

¶3 In *Kaiser v. Kaiser*, 2001 OK 30, 23 P.3d 278, we construed 10 O.S.1991, § 19, a statute that came to us from the Dakota Territory in 1887, as plainly and unambiguously giving custodial parents the statutory presumptive right to move away from the state with their children to establish new residence.

That statute reads:

A parent entitled to the custody of a child has a right to change his residence, subject to the power of the district court to restrain a removal which would prejudice the rights or welfare of the child.

¶4 We held in *Kaiser* that a noncustodial parent objecting to a proposed relocation must meet the same heavy burden of proof required to satisfy the test to change a custody award set forth in *Gibbons v. Gibbons*, 1968 OK 77, 442 P.2d 482; that being the establishment of a permanent, substantial and material change of circumstances that directly and adversely affects a child in such a way that he or she would be substantially better off if custody were changed. *Kaiser*, 23 P.3d at 286. We found that neither relocation from Oklahoma nor a resulting change in the existing terms of visitation is, in itself, a change in circumstance that would justify reopening the issue of custody. Accordingly, we held that the dispositive issue in a relocation challenge is not the decision to relocate, but rather the fitness of the custodial parent and whether the evidence showed that living with that parent in the proposed location would place the child at risk of specific and real harm. *Kaiser*, 23 P.3d at 287.

¶5 We recognized the necessity of judicial deference to family decisions made by the custodial parent, and we embraced the view expressed by other courts that limiting judicial intervention in post-divorce parental decision making is an overriding goal, because to "micromanage" everyday parenting decisions by trial courts does not serve the interests of the parties, the judiciary or the public. *Kaiser*, 23 P.3d at 287.

¶6 *Kaiser* was handed down by the Court on April 3, 2001. On June 5, 2002, the Legislature enacted 43 O.S. Supp.2002,

1. For the pertinent terms of 43 O.S.2004, § 112.3 see *infra* note 2.

§ 112.3,[2] the new relocation statute, effective November 1, 2002. The statute focuses on a custodial parent's proposed move of a child more than 75 miles from his or her current

**2.** The pertinent provisions of 43 O.S. Supp.2002, § 112.3 follow:

A. As used in this section:

  *   *   *   *   *

5. "Relocation" means a change in the principal residence of a child over seventy-five (75) miles from the child's principal residence for a period of sixty (60) days or more, but does not include a temporary absence from the principal residence.

B. 1. Except as otherwise provided by this section, a person who has the right to establish the principal residence of the child shall notify every other person entitled to visitation with the child of a proposed relocation of the child's principal residence as required by this section.

  *   *   *   *   *   *

C. 1. Except as provided by this section, notice of a proposed relocation of the principal residence of a child or notice of an intended change of the primary residence address of an adult must be given:

 a. by mail to the last-known address of the person to be notified, and

 b. no later than:

  (1) the sixtieth day before the date of the intended move or proposed relocation,

  *   *   *   *   *   *

2. Except as provided by this section, the following information, if available, must be included with the notice of intended relocation of the child or change of primary residence of an adult:

 a. the intended new residence, including the specific address, if known,

 b. the mailing address, if not the same,

 c. the home telephone number, if known,

 d. the date of the intended move or proposed relocation,

 e. a brief statement of the specific reasons for the proposed relocation of a child, if applicable,

 f. a proposal for a revised schedule of visitation with the child, if any, and

 g. a warning to the nonrelocating parent that an objection to the relocation must be made within thirty (30) days or the relocation will be permitted.

  *   *   *   *   *   *

5. A brief statement of the specific reasons for the proposed relocation of a child, if applicable; and

6. A proposal for a revised schedule of visitation with the child, if any.

  *   *   *   *   *   *

G. 1. The person entitled to custody of a child may relocate the principal residence of a child after providing notice as provided by this section unless a parent entitled to notice files a proceeding seeking a temporary or permanent order to prevent the relocation within thirty (30) days after receipt of the notice.

  *   *   *   *   *   *

H. 1. The court may grant a temporary order restraining the relocation of a child, or ordering return of the child if a relocation has previously taken place, it the court finds:

 a. the required notice of a proposed relocation as provided by this section was not provided in a timely manner …

 b. The child already has been relocated without notice, agreement of the parties, or court approval

I. A proposed relocation of a child may be a factor in considering a change of custody.

J. 1. In reaching its decision regarding a proposed relocation, the court shall consider the following factors:

 a. the nature, quality, extent of involvement, and duration of the child's relationship with the person proposing to relocate and with the nonrelocating person, siblings, and other significant persons in the child's life,

 b. the age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development, taking into consideration any special needs of the child,

 c. the feasibility of preserving the relationship between the nonrelocating person and the child through suitable visitation arrangements, considering the logistics and financial circumstances of the parties,

 d. the child's preference, taking into consideration the age and maturity of the child,

 e. whether there is an established pattern of conduct of the person seeking the relocation, either to promote or thwart the relationship of the child and the nonrelocating person,

 f. whether the relocation of the child will enhance the general quality of life for both the custodial party seeking the relocation and the child, including but not limited to financial or emotional benefit or educational opportunity,

 g. the reasons of each person for seeking or opposing the relocation, and

 h. any other factor affecting the best interest of the child.

2. The court may not:

 a. give undue weight to the temporary relocation as a factor in reaching its final decision, if the court has issued a temporary order authorizing a party seeking to relocate a child to move before final judgment is issued, or

 b. consider whether the person seeking relocation of the child has declared that he or she will not relocate if relocation of the child is denied.

  *   *   *   *   *   *

K. The relocating person has the burden of proof that the proposed relocation is made in good faith. If that burden of proof is met, the burden shifts to the nonrelocating person to show that the proposed relocation is not in the best interest of the child.

primary residence for a period of more than 60 days.[3] The custodial parent is required to give notice by mail at least 60 days before the intended move to all persons entitled to visitation and to include in it, among other things, a statement of the specific reasons for the intended relocation and a proposal for a revised schedule of visitation, if any.[4] Upon meeting the statutory requirements, the proposed relocation is deemed authorized unless the opposing parent files a proceeding challenging the intended relocation within 30 days after receipt of notice.[5]

¶ 7 Unlike the burden of proof required under 10 O.S. § 19 to show evidence that the move would prejudice the rights and welfare of the child, the new relocation statute requires that a noncustodial parent seeking to restrain the custodial parent from relocating the child must meet only a "best interest" burden of proof.[6] If a timely objection is filed, the custodial parent has the initial burden of showing that the proposed relocation is made in good faith. If that is shown, the burden of proof then shifts to the noncustodial parent to show the proposed move is not in the best interest of the child.[7] In reaching its decision as to whether the relocation is in the best interest of the child, the trial court is required to consider numerous specific personal factors concerning the child, the parents, the circumstances surrounding the family and their relationship, and any other factor affecting the best interest of the child.[8] A proposed relocation of a child may be a factor in considering a change of custody.[9]

## II.

¶ 8 Father and mother, Tammy Mahmoodjanloo, were divorced in 1993 and were awarded joint custody of their two daughters. By default order entered in 1996, father was awarded sole custody of the children and mother was given supervised visitation. Father remarried in early 2004 and in July of that year he notified mother through her lawyer that he planned to move the children with him to Buffalo, New York, to join his wife, a member of the faculty of the State University of New York School of Dental Medicine there.

¶ 9 Pursuant to § 112.3, mother filed an objection to father's proposed move of the children and requested a hearing in the matter. She alleged father had in fact already moved the children to New York and complained he had not complied with the notice requirement. She sought temporary custody of the children based on the lack of required timely notice,[10] and she asserted it was not in the children's best interest to leave Oklahoma and move to New York. At the hearing, which was held under the provisions of § 112.3, the parents were the only witnesses. Issues regarding timely notice were resolved. For our purposes it suffices to state that each parent presented negative accounts of the other's personal attributes and parenting skills. Father argued the best interest of the children would be served by the move to New York and Mother contended it would not. Following Mr. Mahmoodjanloo's testimony, the trial judge found father had met his burden to show the intended relocation of the family to New York in order to be with his wife was made in good faith. The judge held an *in camera* meeting with the children who were then 13 and 14 years old.

¶ 10 The order of the trial court (1) found the new relocation statute, 43 O.S. Supp.2002, § 112.3 to be constitutional and applicable, and (2) sustained mother's objection to father's proposed relocation of the children's residence. In announcing her decision in favor of mother, the trial judge explained her consideration of the § 112.3 factors in her determination of whether father's evidence

3. See 43 O.S. Supp.2002, § 112.3 (A)(5)), *infra* note 2.

4. See 43 O.S. Supp.2002, § 112.3 (C)(1)(a)(b), (C)(2), *infra* note 2.

5. See 43 O.S. Supp.2002, § 112.3 (G), infra note 2.

6. See § 43 O.S. Supp.2002, § 112.3 (J)(1)(a-h) and (K), *infra* note 2.

7. See § 43 O.S. Supp.2002, § 112.3 (K), *infra* note 2.

8. See § 43 O.S. Supp.2002, § 112.3 (J)(a-h)(2)(a-b), *infra* note 2.

9. See § 43 O.S. Supp.2002, § 112.3 (I), *infra* note 2.

10. See § 43 O.S. Supp.2002, § 112.3 (H)(a, b), *infra* note 2.

showed the proposed move of the children would be in their best interest.

■ ¶ 11 Father contends the trial judge erred in her allocation of the burden of proof required by § 112.3, as she incorrectly imposed the burden upon him to show not only that his proposed relocation of his daughters was undertaken in good faith—which he did—but also to show that the move would be in the best interest of the girls.

The trial court stated:

> Once that burden was established, the burden then shifted to Mrs. Mahmoodjanloo to show that it was not in the best interest of the child to, in fact, move. Or, I take that back. It was Mr. Mahmoodjanloo's burden at that point to show that it was in the best interest of the children to move. Tr. 172.

This, father points out, is directly contrary to § 112.3.K., which states:

> The relocating parent has the burden of proof that the proposed relocation is made in good faith. If that burden of proof is met, the burden *shifts* to the nonrelocating person to show that the proposed relocation *is not in the best interest of the child.* (Emphasis added)

### III.

■ ¶ 12 We agree with father. The statute plainly and unambiguously places the burden on the relocating parent to show the move is proposed in good faith and, once that burden is met, as it was in this case, shifts the burden of proof to the opposing parent to show the proposed move is not in the best interest of the children. The trial court's imposition of the added burden on father was error and we reverse for that reason. Accordingly, we find it unnecessary to consider the additional arguments urged by father which concern the constitutionality of § 112.3 and its alleged failures to follow *Kaiser*, to be in harmony with 10 O.S.2001, § 19, and to defer to a custodial parent's prerogative to make child-rearing decisions without state interference. Although both statutes deal with the same subject matter, no effort was made at trial to construe them together in an attempt to reconcile their provisions. Appellate courts do not make first-instance determinations of issues of law or fact which were neither raised nor assessed below. *State of Oklahoma v. Torres,* 2004 OK 12, ¶ 8, 87 P.3d 572, 578, fn. 15; *Evers v. FSF Overlake Associates,* 2003 OK 53, ¶ 18, 77 P.3d 581, 587. We also will not address the constitutionality of the statute in this case. Assuming, for the sake of argument, that father did raise a constitutional challenge to the statute before the trial court, we pass on the constitutionality of statutes only when it is necessary to a determination on the merits, and it is not necessary here. *In re A.N.O.,* 2004 OK 33, ¶ 14, 91 P.3d 646, 650; *Schwartz v. Diehl,* 1977 OK 115, 568 P.2d 280, 283.

¶ 13 Mother's request for legal fees for appeal-related services is denied. We find the record supports no overriding or compelling equitable considerations in favor of either litigant. After the post-remand proceedings have concluded, the parties may request the trial court to entertain pleas for legal services and appropriate expenses for that phase of the proceedings. See *Jones v. Jones,* 1980 OK 85, 612 P.2d 266, 268; *Thielenhaus v. Thielenhaus,* 1995 OK 5, 890 P.2d 925, 934-35.

¶ 14 This matter is reversed and remanded to the trial court for reconsideration of all issues consistent with this opinion.

¶ 15 WINCHESTER, C.J., EDMONDSON, V.C.J., LAVENDER, WATT, TAYLOR, COLBERT, JJ.—concur.

¶ 16 HARGRAVE, KAUGER, JJ.—concur in Result.

¶ 17 OPALA, J.—dissents.

KAUGER, J., with whom HARGRAVE, J., joins, concurring in result:

¶ 1 The constitutionality of 43 O.S. Supp. 2002, § 112.3 was clearly raised,[1] and because the question of the constitutionality of the statute is a recurring problem of great public concern, the Court should address it. As a general rule, when a matter would evade review because it is rendered moot, abstract, or hypothetical by a dispositive an-

---

1. The trial court's order of September 3, 2004, reflects that it ruled that the relocation statute, 43 O.S. Supp.2002 § 112.3 is constitutional and applicable in this case. The petition in error filed on September 15, 2004, asserts that one of the issues raised on appeal is whether the statute

swer, the Court can address the issue if: 1) the appeal presents a question of broad public interest; and 2) the challenged event is capable of repetition, yet evading review.[2] This cause meets both exceptions.

¶2 It has long been recognized that because a child whose custody must be adjudicated is, in some respects a ward of the court, the public has strong interest in child custody.[3] This Court has also acknowledged that the State of Oklahoma "possesses a right, in the role of *parens patriae,*"[4] to preserve and promote the welfare of children.[5] This question is ripe for determination. As recently as January and February this year, this Court dealt with the application of the new relocation statute when the parties to a custody dispute sought applications to stay the proceedings of the trial court and for a writ of prohibition.[6] The fact that this issue was brought before the court twice in the last few months is evidence of a recurring problem. Because the issue involves a question of broad public interest and the challenge to the statute is capable of repetition, yet evading review, I would address the constitutionality of the relocation statute.

OPALA, J., dissenting

¶1 The court *reverses* today the trial court's post-decree order that sustains the mother's objections to the father's proposed plan to change the children's residence from Oklahoma City to New York.

¶2 I dissent from the court's pronouncement. In my view the trial court's **order is not an appealable disposition.** It fails to determine all the issues related to the custodial parent's quest for approval of his residential change. I would dismiss the appeal for want of jurisdiction.

¶3 Without warrant the court's pronouncement **assumes the appeal was correctly brought** and **erroneously bases the order's reversal** on the trial judge's unmemorialized open-court statements. Oral statements by the trial judge may not be considered to vary or impeach the memorialized order. The order's terms are to be measured **solely by the recorded journal entry.**

# I

## THE ANATOMY OF LITIGATION

¶4 Behrooz Mahmoodjanloo (father) and Tammy Mahmoodjanloo (mother) were divorced in 1993 and awarded joint custody of their two daughters. By a 1996 default order father was awarded sole custody of the children and mother given supervised visitation. The order was silent as to the residen-

is constitutional or infringes on a constitutional right. The appellant's brief, filed March 1, 2005, also argues that the relocation statute unconstitutionally infringes upon the appellant's federally protected constitutional freedom of travel.

2. *Morton v. Adair County Excise Board,* 1989 OK 174, ¶10, 780 P.2d 707; *Westinghouse Electric Corp. v. Grand River Dam Authority, 1986 OK 20,* ¶21, 720 P.2d 713; *Lawrence v. Cleveland County Home Loan Authority,* 1981 OK 28, ¶9, 626 P.2d 314.

3. *See, Ford v. Ford,* 371 U.S. 187, 83 S.Ct. 273, 9 L.Ed.2d 240 (1962) [Public interest is strong in controversies involving the custody of children.]; *In re the Marriage of Ryall,* 154 Cal.App.3d 743, 748, 201 Cal.Rptr. 504 (1984) [Issue of whether Uniform Reciprocal Enforcement of Support Act authorized a change in visitation was not moot notwithstanding that time period in which custody had been ordered had passed as situation was capable of repetition yet evading review and issue was one of great public interest.]; *Woodard v. Texas Dept. of Human Resources,* 573 S.W.2d 596, 597 (Tex.Civ.App.1978) [Interest of public is

affected when custody of child is at issue.]; *Daily v. Daily,* 175 Ark. 161, 298 S.W. 1012 (1927) [The public has an interest in the custody of children, and the interest of the child is a paramount consideration of the court.].

4. The doctrine of parens patriae "may be defined as the inherent power and authority of the Legislature of a state to provide protection of the person ... non sui juris, such as minors, insane, and incompetent persons." *McIntosh v. Dill,* 1922 OK 35, ¶28, 205 P. 917, *cert. denied,* 260 U.S. 721, 43 S.Ct. 12, 67 L.Ed. 480 (1922).

5. *Gowin v. Julius,* 1954 OK 359, ¶11, 279 P.2d 954 [The state's power then is based on its position as parens patriae, which inheres in its sovereignty to protect its infant citizens.]. Accord, *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) [The State has a parens patriae interest in preserving and promoting the welfare of children.].

6. See, *Roark v. Denny,* appeal No. 104,239 and *Reece v. Roark,* appeal No. 103,994.

tial relocation of the children. Father remarried in 2004 and notified mother in July 2004 of his plans to join his wife and move the children to Amherst, New York. Mother filed an objection to father's proposed plan to change the children's domicile and requested a hearing in accordance with the terms of 43 O.S.Supp.2002 § 112.3.

¶5 The trial judge heard testimony from the parties as well as held an *in camera* meeting with the children, who were then 13 and 14 years of age. No exhibits were offered and admitted into evidence. The only testimony heard was that of the parents. The trial court's order (a) sustained the mother's objection to father's proposed residential change and (b) found the terms of 43 O.S.Supp.2002 § 112.3 to be free of constitutional infirmity. Father brings this appeal.

## II

**THE TRIAL COURT'S DENIAL OF THE CUSTODIAL PARENT'S RESIDENTIAL-CHANGE QUEST IS LESS THAN A COMPLETE ADJUDICATION OF ALL THE ISSUES RELATED TO RELOCATION AND HENCE CANNOT BE TREATED AS A TERMINAL ORDER FOR APPEAL**

¶6 This appeal is prosecuted from a **non-terminal and hence unappealable order** that stops short of a final disposition of the matter before the court. It does not rise to the status of a final order because it leaves unresolved critical issues related to the custodial parent's residential-relocation quest.

## A.

**The order fails to consider the impact of two statutory regimes now in force (10 O.S.2001 § 19 and 43 O.S.Supp.2002 § 112.3), both of which govern the custodial parent's quest for residential relocation of children.[1]**

¶7 Section 19, together with its judicial gloss,[2] were left intact when the Legislature added the provisions of § 112.3 under Title 43. The principal unanswered question here is whether the statutes can be construed together[3] or whether there is an implied repeal of the earlier-enacted Title 10 standards.[4] **Absent an express repeal or a repeal by implication,** the provisions of 10 O.S.2001 § 19 must be construed together with those of 43 O.S.Supp.2002 § 112.3 and equal force given to both enactments for adjudicating the legal consequences that flow from a change of residence by a custodial

---

1. Oklahoma's statutory regime for dealing with the residential relocation of children is governed by two enactments carried into the statutory compilation under two different titles—10 O.S. 2001 § 19 and 43 O.S.Supp.2002 § 112.3. There is no indication in the trial court's order whether the trial court considered both statutes applicable, though it may be deduced that Title 10 came to be overlooked or disregarded because it is nowhere mentioned in the record of the proceedings before us.

2. This court construed the provisions of 10 O.S. 1991 § 19 as giving custodial parents the presumptive authority to move their children and establish a new residence absent a showing that the residential change "would prejudice the rights or welfare of the child." *Kaiser v. Kaiser,* 2001 OK 30, ¶18, 23 P.3d 278, 282.

3. Different statutes on the same subject-matter are generally to be viewed as *in pari materia* and must be construed together as a harmonious whole so as to give effect to each provision. *Mustain v. Grand River Dam Authority,* 2003 OK 43, ¶23, 68 P.3d 991, 999; *Culbertson v. McCann,* 1983 OK 57, ¶14, 664 P.2d 388, 391

(citing *De Graffenreid v. Iowa Land and Trust Co.,* 1908 OK 49, 95 P. 624, 639, 20 Okla. 687). All legislative enactments *in pari materia* are to be interpreted together as forming a single body of law that will fit into a coherent symmetry of legislation. Conflicting legislative acts should be construed in such a way as to reconcile their provisions and render them consistent and harmonious, giving force and effect to each. *Beavin v. State ex rel. Dept. of Public Safety,* 1983 OK 34, 662 P.2d 299, 302; *Sharp v. Tulsa County Election Bd.,* 1994 OK 104, ¶11, 890 P.2d 836, 840.

4. Legislative repeals by implication are not favored and all statutory provisions must be given effect, if possible. It will not be presumed that in the enactment of a subsequent statute the Legislature intended to repeal an earlier one, unless it has done so in express terms. *Mustain v. Grand River Dam Authority, supra* note 3, at ¶23, 68 P.3d at 999; *American Ins. Ass'n v. State Indus. Com'n,* 1987 OK 107, ¶7, 745 P.2d 737, 740; *Citicorp. Sav. & Trust Co. v. Banking Bd. of State of Okl,* 1985 OK 63, 704 P.2d 490, 494.

parent to a distant geographical location.[5]

¶8 The continued viability of the provisions of § 19, either in whole or in part, presents a first-impression issue that must in the first instance be tendered to, and resolved by, the trial tribunal.[6]

## B.

**The order fails to make the appropriate custodial and visitation changes that are needed in the aftermath of the relocation's denial.**

¶9 The trial court's refusal to approve the residential-relocation quest placed the parties in a legal limbo by leaving unresolved the inextricably connected issues of **custody modification** and **visitation**. By attempting to dispose of the relocation issues under the Title 43 procedure without a post-denial proceeding to adjudicate the legal consequences that flow from its decision, the trial court cast an impermissible burden on the father's adjudicated custodial interest. **For a complete disposition of the residential-change proceeding, the trial court's relocation quest's denial should have been immediately followed by a judicial modification of custodial and visitation arrangements.**

¶10 **In short, there is here no memorialized journal entry that disposes of the issues, which, if decided, would have amounted to an appealable disposition.** The order on appeal is but an interlocutory mid-litigation disposition that leaves the parties in a legal limbo rather than terminates the relocation proceeding. These unresolved issues call for an immediate disposition that will in law become part and parcel of the decision. That decision is due both parties in a relocation litigation.

## III

### *EVEN ASSUMING* THE NISI PRIUS DECISION *WERE APPEALABLE* IT COULD NOT BE REVERSED BASED ON THE UNMEMORIALIZED COMMENTS OF THE TRIAL JUDGE

¶11 Today's reversal rests on the trial judge's oral comments made during the August 2004 hearing, which appear to show a misallocation of the burden of proof.[7] These courtroom remarks are being improperly used to impute error committed by the trial judge in an unappealable order.

¶12 The rule is well established that a court of common law speaks only through its record.[8] The memorialized record entry

5. No special significance may be ascribed to the specific location of statutory provisions in the decennial compilation. The topical place assigned to an enactment in the assembled body of legislation does not restrict the force and effect of its terms to subjects under which the statute is carried into the compilation. *American Ins. Ass'n v. State Indus. Com'n, supra* note 4 at ¶7, at 740. The location of a statute in the compilation does not generally limit the meaning, force and effect of its provisions. *Johnson v. Tony's Town Mister Quik,* 1996 OK 138, ¶5, 915 P.2d 355, 357; *Harber v. Shaffer,* 1988 OK 45, ¶9, 755 P.2d 640, 642; *Church v. Church,* 1982 OK 147, ¶4, 657 P.2d 151, 152; *McCracken v. City of Lawton,* 1982 OK 63, ¶6, 648 P.2d 18, 20; *WRG Const. Co. v. Hoebel,* 1979 OK 125, ¶7, 600 P.2d 334, 336; *Green v. Green,* 1957 OK 70, ¶12, 309 P.2d 276, 278.

6. Appellate courts do not make first-instance rulings on either facts or law. *House of Realty, Inc. v. City of Midwest City,* 2004 OK 97, ¶27, 109 P.3d 314, 322; *American Ins. Ass'n v. State Indus. Com'n, supra* note 4 at ¶7, at 740; *A–Plus Janitorial & Carpet Cleaning v. Employers' Workers' Compensation Ass'n,* 1997 OK 37, ¶25, 936 P.2d 916, 928. When necessary dispositions are

absent, the case must be remanded with directions that they be effected at nisi prius. *American Ins. Ass'n v. State Indus. Com'n, supra* note 4 at ¶7, at 740; Matter of Estate of Bartlett, 1984 OK 9, ¶19, 680 P.2d 369, 377; *Davis v. Gwaltney,* 1955 OK 362, ¶13, 291 P.2d 820, 824.

7. For its reversal the court relies on the trial judge's unmemorialized open-court statements:

"Once the burden was established, the burden then shifted to Ms. Mahmoodjanloo to show that it was not in the best interest of the children to, in fact, move. Or I take that back. It was Mr. Mahmoodjanloo's burden at that point to show that it was in the best interest of the children to move."

The custodial father bears no probative onus under Title 43 except to show that the proposed residential change is made in good faith. The burden then shifts to the contesting parent to show that the move is not in the best interests of the child. 43 O.S.Supp.2002 § 112.3 (K).

8. *Depuy v. Hoeme,* 1989 OK 42, ¶8, 775 P.2d 1339, 1342–43. The term "record" or "record proper" is synonymous with "common-law rec-

signed by the judge is the only legitimate evidence of the nisi prius disposition's terms and its legal effect.[9] A trial judge's statements in announcing the post-decree order will not and may not be considered to vary or impeach the order whose terms are to be measured solely by the recorded order's journal entry.[10]

¶ 13 None of the remarks the court relies upon today can be used as a basis for reversal. They do not stand incorporated into the journal entry of the proceedings tendered for our review.

## IV

## SUMMARY

¶ 14 **Because the trial court's decision denying the father's residential-relocation quest failed to consider the impact of both the Title 10 and the Title 43 standards on the relocation dispute before the court as well as left unresolved the disputed issues over post-denial custody and visitation, the order tendered for review is a nonfinal unappealable disposition.**

¶ 15 I would dismiss the appeal for want of jurisdiction and remand the cause for further proceedings.

ord" and "judgment roll." *Rodgers v. Higgins*, 1993 OK 45, 871 P.2d 398, 405. The judgment roll includes the petition, process, return, all subsequent pleadings, reports, verdicts, orders, judgments, and all material acts and proceedings of the court. 12 O.S.2001 § 32.1. The latter has been held to be the court's only official memorial and the only medium through which it speaks. *Elliott v. City of Guthrie*, 1986 OK 59, 725 P.2d 861, 863.

9. *Depuy v. Hoeme, supra* note 8, at ¶ 9, 775 P.2d at 1343.

10. A nisi prius decision cannot be impeached by or varied from the trial judge's unmemorialized

courtroom remarks. *Missouri–Kansas–Texas Railroad Co. v. Hayes*, 1968 OK 106, ¶¶ 0, 11, 445 P.2d 254, 256 syl.5, 259; *Ralston v. Tucker*, 1958 OK 54, ¶ 10, 324 P.2d 525, 528; *Hays Trucking Co. v. Maxwell*, 1953 OK 245, ¶¶ 0, 9, 261 P.2d 456, 458 syl.2, 462. **Recitations in the memorialized entry will always control over any inconsistent oral statements made by the nisi prius judge.** *Hedges v. Hedges*, 2002 OK 92, ¶ 17, 66 P.3d 364, 371; *Elliott v. City of Guthrie, supra* note 8, at ¶ 7 n. 11, at 863; *Thompson v. Inman*, 1971 OK 32, 482 P.2d 927, 937; *Irwin v. Irwin*, 1966 OK 146, ¶ 12, 416 P.2d 853, 857; *Diem v. Diem*, 1962 OK 124, ¶ 11, 372 P.2d 19, 23; *Moree v. Moree*, 1962 OK 95, ¶ 6, 371 P.2d 719, 722.