2009 OK CIV APP 27

**Bradley Lathrop MOORE,**
**Plaintiff/Appellant,**

v.

**Angelia Kay MOORE,**
**Defendant/Appellee.**

No. 105,346.

Court of Civil Appeals of Oklahoma,
Division No. 1.

Feb. 27, 2009.

Steven S. Kerr, Oklahoma City, OK, for Plaintiff/Appellant.

Doug Aldridge, Oklahoma City, OK, for Defendant/Appellee.

KENNETH L. BUETTNER, Judge.

¶1 Plaintiff/Appellant Bradley Lathrop Moore (Father) appeals from the trial court's Order Modifying Custody, in which the trial court terminated joint custody and awarded custody to Defendant/Appellee Angelia Kay Moore (Mother). The trial court's order is not against the clear weight of the evidence or an abuse of discretion and we affirm.

¶2 In the parties' 2001 Decree of Divorce, the trial court awarded joint custody of the parties' three minor children. Father had primary physical custody. The terms of the Joint Custody Plan were modified in 2003, but the parties retained joint custody.

¶3 The instant dispute arose in August 2006, when Father informed Mother he planned to move with the children from Tuttle to Collinsville, Oklahoma, a week later. Father did not give the "notice of a proposed relocation of the principal residence of a child" required by 43 O.S.Supp.2002 § 112.3(C).[1]

---

1. That subsection provides, in pertinent part:
C. 1. Except as provided by this section, notice of a proposed relocation of the principal residence of a child or notice of an intended change of the primary residence address of an adult must be given:
a. by mail to the last-known address of the person to be notified, and
b. no later than:
(1) the sixtieth day before the date of the intended move or proposed relocation, or
(2) the tenth day after the date that the person knows the information required to be furnished pursuant to this subsection, if the person did not know and could not reasonably have known the information in sufficient time to comply with the sixty-day notice, and it is not reasonably possible to extend the time for relocation of the child.

2. Except as provided by this section, the following information, if available, must be included with the notice of intended relocation of the child or change of primary residence of an adult:
a. the intended new residence, including the specific address, if known,
b. the mailing address, if not the same,
c. the home telephone number, if known,
d. the date of the intended move or proposed relocation,
e. a brief statement of the specific reasons for the proposed relocation of a child, if applicable,
f. a proposal for a revised schedule of visitation with the child, if any, and
g. a warning to the nonrelocating parent that an objection to the relocation must be made within thirty (30) days or the relocation will be permitted.

¶ 4 Mother filed her Objection to Relocation of Children and Motion to Modify Custody, Visitation and Support August 16, 2006. Mother asserted Father gave oral notice August 8, 2006 that he planned to move the children August 14, 2006. Mother noted Father had moved the children from Moore to Tuttle in 2004, with only two days' notice, and that Mother had maintained her visitation schedule despite the added 25 miles distance between Mother's Moore home and Tuttle. Mother further contended that the proposed move to Collinsville would reduce Mother's visitation time by 60% and would take the children from their friends, daycare, and school activities in Moore and Tuttle. Mother asserted, therefore, that the move was not in the children's best interests.

¶ 5 Mother also sought to have joint custody terminated and sole custody awarded to her. Mother asserted Father had developed a kidney disease which required him to receive dialysis three times a week and impacted his ability to work and care for the children. Mother noted that instead of relying more on her for help, Father elected to move the children farther away from Mother's home.

¶ 6 Trial on the issues of relocation and modification of custody was held March 13, 2007.[2] The court issued its Order Modifying Custody November 5, 2007.[3] The trial court sustained Mother's objection to relocation.[4] The trial court further found there had been a substantial, material, and permanent change in conditions such that it was in the best interests of the children to terminate joint custody. The court awarded sole custody to Mother.

¶ 7 We will not disturb the trial court's custody ruling "absent an abuse of discretion or a finding that the decision is clearly contrary to the weight of the evidence." *Daniel v. Daniel*, 2001 OK 117, ¶ 21, 42 P.3d 863, 871. We give deference to the trial court in reviewing custody decisions because it "is better able to determine controversial evidence by its observation of the parties, the witnesses and their demeanor." *Hoedebeck, now Shaw, v. Hoedebeck*, 1997 OK CIV APP 69, ¶ 10, 948 P.2d 1240, 1243.

¶ 8 Title 43 O.S.Supp.2002 § 112.3 establishes the procedure for court approval of relocating children of divorced parents. The pertinent provisions of that section state (emphasis added):

G. 1. The person entitled to custody of a child may relocate the principal residence of a child after providing notice as provided by this section unless a parent entitled to notice files a proceeding seeking a temporary or permanent order to prevent the relocation within thirty (30) days after receipt of the notice.

2. A parent entitled by court order or written agreement to visitation with a child may file a proceeding objecting to a proposed relocation of the principal residence of a child and seek a temporary or permanent order to prevent the relocation.
* * *

I. A proposed relocation of a child may be a factor in considering a change of custody.
* * *

K. *The relocating person has the burden of proof that the proposed relocation is made in good faith. If that burden of*

Section 112.3 explains also that " 'Relocation' means a change in the principal residence of a child over seventy-five (75) miles from the child's principal residence for a period of sixty (60) days or more, but does not include a temporary absence from the principal residence." 43 O.S.Supp.2002 § 112.3(A)(5). The parties do not dispute that Collinsville is over 75 miles from the principal residence of the children in this case.

2. Father argues that § 112.3(K) *requires* the relocation issue be tried first, and that it was error to join the two proceedings. There is no authority for this position, and no abuse of discretion shown in joining the issues for trial in this case.

3. Father filed his Petition in Error December 5, 2007; however, multiple delays in completing the record and filing briefs resulted in this case not being assigned to this court until January 2009. The Oklahoma Supreme Court's November 25, 2008 order deferred for this court's consideration Father's Motion to File Brief Out of Time. We have reviewed Father's brief in deciding this appeal.

4. The Order also includes language that the court denied "(t)he Motion to Relocate of (Father)" but the record does not indicate that such a motion was filed.

*proof is met, the burden shifts to the non-relocating person to show that the proposed relocation is not in the best interest of the child.*

On appeal, Father argues that the trial court erred in finding that the proposed relocation was not in good faith; the court erred by requiring Father to prove both that the relocation was in good faith and that it was in the best interests of the children; and finally, that Mother failed to prove a substantial change in conditions warranting a change in custody.

■ ¶ 9 We find no support for Father's claim that the court erred in finding the relocation was not in good faith. The trial court explained its decision at the conclusion of the hearing:

> The testimony indicates to me that there's a serious question about what the primary motivation for the move is to northeast Oklahoma. Listening to everybody's testimony there's a lot of conflict about that. Was it so (Father) could live closer to his mother? Was it so that his spouse could get another job? I mean, because the job she ultimately ended up with isn't the one she transferred up there for. I mean, that's the bottom line. It feels like subterfuge to the Court.

We have reviewed the transcript. The trial court's finding that the motivation for the relocation was unclear and that the stated reasons may have been subterfuge is not against the clear weight of the evidence.

■ ¶ 10 Father next argues that the trial court required him to prove both that the relocation was in good faith and that it was in the children's best interests.[5] We have quoted above the trial court's explanation of its decision at the conclusion of the hearing, in which it effectively found the relocation was not made in good faith (or that Father had failed to meet his burden of proof on this issue). In *Mahmoodjanloo v. Mahmoodjanloo*, 2007 OK 32, ¶ 7, 160 P.3d 951, the Supreme Court explained:

> If a timely objection is filed, the custodial parent has the initial burden of showing that the proposed relocation is made in good faith. If that is shown, the burden of proof then shifts to the noncustodial parent to show the proposed move is not in the best interest of the child.

160 P.3d at 954. Conversely, if the custodial parent does not meet the burden of showing good faith, then the burden of proving the relocation is in the best interests of the children remains with the custodial parent. Accordingly, to the extent the trial court's statement at the beginning of the hearing suggested the court misunderstood the statutory burden of proof, such an error is harmless in this case because the trial court found Father had not met his burden of showing good faith. As a result, the objection could be sustained based on a finding Father did not prove the move was in the children's best interests. The Order relates that the "Motion to Relocate of Plaintiff should be denied and the objection thereto should be sustained." It appears that the trial court properly applied the § 112.3(K) burdens of proof, and the decision is not against the clear weight of the evidence, nor an abuse of discretion.

■ ¶ 11 Lastly, we address Father's claim that the court erred in terminating

---

5. Father cites to page 4 of the transcript as support for this argument. At the beginning of the hearing the court and the parties noted that the hearing was on Mother's Motion to Modify Custody and Father's proposed relocation of the children. The following exchange occurred between the trial court and counsel for Father:

The Court: Then (Father) may proceed.
Counsel for Father: As I understand it under the statute, there is actually a changing of burden of proof. And my obligation is to prove to the Court that the proposed relocation is done in good faith. If I have hurdled that burden, then it's the (Mother's) obligation to prove that it's not. And then the Court, as I understand it, makes a ruling on that issue before the Court goes into the motion to modify custody. That's my understanding. I am just trying to lay some ground rules for the Court of how to proceed.
The Court: This is a joint custody case.
Counsel for Father: Correct.
The Court: I think that not only do you have to show it's in good faith, but it's also in the best interest of the children.
Counsel for Father: Okay.
It is unclear from this exchange whether the trial court was referring to only the relocation, or to relocation and modification of custody.

joint custody and awarding sole custody to Mother. The trial court explained its reasoning at length on the record.[6] Joint custody is not proper where the parents are not able to cooperate. *Daniel, supra* at ¶ 20. When it becomes apparent to the court that joint custody is not working and it is not serving the children's best interests, then a material and substantial change of circumstances has occurred and the trial court may terminate joint custody. *Daniel, supra.* The clear weight of the evidence in this case showed that the parties were not able to cooperate in parenting their children.

¶ 12 Upon terminating joint custody, the trial court must proceed as if making the original custody determination in the divorce.[7] *Daniel, supra* at ¶ 21. The paramount consideration in a custody order is the best interests of the children. *Id.* at ¶ 19. The evidence in the hearing showed that Father may have been physically abusive, and that he acted arbitrarily and unreasonably in disciplining the children. Father also sought to remove the children without notice from the school and town where they had established connections. Father had previously moved the children to a new school which required Mother to drive 25 miles each way to exercise her visitation rights. The move to Collinsville would drastically reduce Mother's visitation time. We find the trial court's award of sole custody to Mother was not against the clear weight of the evidence nor an abuse of discretion.

AFFIRMED.

BELL, P.J., and ADAMS, J., concur.

6. In announcing its decision, the trial court stated:

I will tell you, by no stretch of the imagination is this a joint custody case.... (C)ertainly you all do not communicate in a manner which is conducive to an exercise of joint custody. And if anything, it's been detrimental to your children. You know, you have one parent putting them in sporting activities and the other one not consenting....

Joint custody is for parents who basically have an ability to communicate with each other even though they do not get along .... (t)hey are mature enough to put their own differences aside and to be able to sit down and ... discuss what's best for the kids and to parent jointly.... You haven't been able to do that.

The other thing that I find very disturbing in this case is that while you have joint custody, neither one of you technically have the right to make unilateral decisions without full discussion with the other parent. Didn't happen in this case. You're talking about a move from Moore down to Dibble and now a move up to northeast Oklahoma without any adequate discussion with the other party. They're being Xed (*sic*) out and that's pretty horrific when you're talking about having joint custody. It's unacceptable....

I am terminating joint custody. I believe there has been a substantial, material change in conditions that requires that and that the situation that has existed has been detrimental to the children.... The Court finds it's in the best interest of the children at this point in time that custody be placed with (Mother)....

7. Title 43 O.S.2001 § 109 provides (emphasis added):

G. 1. The court may terminate a joint custody decree upon the request of one or both of the parents *or whenever the court determines said decree is not in the best interests of the child.* 2. Upon termination of a joint custody decree, the court shall proceed and issue a modified decree for the care, custody, and control of the child as if no such joint custody decree had been made.