OSCN Found Document:SCOCOS v. SCOCOS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 SCOCOS v. SCOCOS
2016 OK 36
Case Number: 112723
Decided: 03/29/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 36, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

KAYLA J. SCOCOS, Plaintiff/Appellant,
v.
ANDREW M. SCOCOS, Defendant/Appellee.

ON APPEAL FROM THE DISTRICT COURT OF WAGONER COUNTY,
OKLAHOMA, THE HONORABLE DOUGLAS A. KIRKLEY,
DISTRICT JUDGE.

¶0 Appellant/Mother, Kayla J. Scocos, brought post-decree motion in trial court to relocate with the parties' child from Oklahoma to Louisiana. Appellee/Father, Andrew M. Scocos, filed objection and sought immediate physical custody of the child. Trial court determined the move was not made in good faith and shifted primary physical custody to Father. Mother appealed the ruling and we retained the matter.

REVERSED AND REMANDED.

Kayla J. Scocos (now Giles), Waco, TX, Pro se.
Matthew P. Gomez, Kimberly A. Jantz, Tulsa, OK, for Defendant/Appellee.

Winchester, J.

¶1 The issue in this case is whether the trial court erred in finding Appellant/Mother's request to relocate from Oklahoma with the parties' child was not made in good faith. The trial court opined that the sole reason for the relocation to Louisiana was due to a love interest and found the request was made in bad faith. We previously retained the case and find error warranting reversal of the trial court's ruling.

BACKGROUND

¶2 Kayla J. Giles,[1] Mother/Appellant, and Andrew M. Scocos, Father/Appellee, were married on July 4, 2011, in Tulsa, Oklahoma. The couple had one child together, A.E. (the Child), who was born May 3, 2011. Mother filed for divorce on June 6, 2012 on the grounds of incompatibility. The trial court entered a Decree of Divorce and Dissolution of Marriage (Agreed Decree) as well as a Joint Child Custody Plan on April 3, 2013, wherein Mother was designated as the Child's primary, physical custodian. Shortly thereafter, Mother filed a notice of intent to relocate with the Child from Tulsa, Oklahoma to Alexandria, Louisiana.[2] Father filed an objection to the relocation and also sought primary physical custody of the Child.

¶3 Following a multi-day hearing, the trial court denied Mother's request to relocate, finding that the move was not in good faith as required by 43 O.S.2011, § 112.3(K) because a "major motivating factor" for the requested move was Mother's "romantic interest."[3] The trial court maintained the parties' joint custody status, but ordered the Child's residence to be placed with Father, allowing Mother only two days of visitation per month despite the fact that she had previously been the Child's primary caretaker. The court denied Mother's motions to award her sole custody, to modify the trial court's new custody order, and to reconsider. Additionally, the court awarded attorney's fees to Father in the amount of $4,500.

¶4 Mother alleges four counts of error: (1) the trial court erred in determining "good faith"; (2) the court erred in applying the "best interests" test; (3) the trial judge erred in failing to recuse himself because he was biased against Appellant; and (4) the court erred in awarding Respondent attorney's fees. We retained the matter for review.

Standard of Review

¶5 The best interest of the child is a paramount consideration when the trial court determines custody issues and, on appeal, this Court "will not disturb the trial court's judgment regarding custody absent an abuse of discretion or a finding that the decision is clearly contrary to the weight of the evidence." Daniel v. Daniel, 2001 OK 117, ¶ 21, 42 P.3d 863, 871. An abuse of discretion occurs when the trial court's decision is "clearly against the evidence or is contrary to a governing principle of law." Curry v. Streater, 2009 OK 5, ¶ 8, 213 P.3d 550, 554. We give deference to the trial court in reviewing custody decisions because it "is better able to determine controversial evidence by its observation of the parties, the witnesses and their demeanor." Hoedebeck v. Hoedebeck, 1997 OK CIV APP 69, ¶ 10, 948 P.2d 1240, 1243.

Discussion

¶6 Title 43 O.S.2011, § 112.2A affirms the right of a custodial parent to relocate, "subject to the power of the district court to restrain a removal which would prejudice the right or welfare of the child." Kaiser v. Kaiser, 2001 OK 30, ¶ 18, 23 P.3d 278, 282 (Title 43 O.S.2011, § 112.2A gives the custodial parent a "presumptive right" to relocate.). After following certain procedural steps to provide notice and an opportunity for the nonrelocating parent to object, the relocating parent "has the burden of proof that the proposed relocation is made in good faith." 43 O.S.2011, § 112.3.[4] Oklahoma law defines good faith as "an honest intention to abstain from taking any unconscientious advantage of another.." 25 O.S.2011, § 9. If the relocating parent meets the good faith requirement, the burden shifts to the nonrelocating person to show that the proposed relocation is not in the best interest of the child." 43 O.S.2011, § 112.3(K); Mahmoodjanloo v. Mahmoodjanloo, 2007 OK 32, ¶12, 160 P.3d 951. The issue herein is whether Mother satisfied her burden to prove that the proposed relocation was made in good faith as required by § 112.3(K).

¶7 Following two days of hearings, the trial court denied Mother's relocation request, finding the reason for relocation was not made in good faith. In the court's October 16, 2013 Minute Order, the court found "the evidence presented is conflicting as to whether Petitioner is relocating for employment and family or to be closer to her significant other" and deemed that the move was not in good faith because "a major motivating factor of the Mother's requested relocation is her romantic interest." Although Mother admits she was in a relationship with a man she had known since childhood and who also lived in Louisiana, Mother denied that this relationship was the reason for her move. Mother further testified that the man worked out of the state the majority of the time and that he would not be living with her.

¶8 The court's finding that Mother's "only reason for relocation is for a love interest" is in direct conflict with Mother's undisputed testimony that the primary reasons for her move were acceptance of new employment with the Department of Veteran Affairs in Louisiana starting May 6, 2013, and that the large majority of her family was located in Louisiana. Mother testified she had over thirty family members living within close proximity to her new home in Louisiana and no grown family living in Oklahoma that could provide support to her in raising her children.[5] She also testified that she had been unemployed for several months in Oklahoma and would have had to move to a different location to pursue a job in her field of work. Mother stated that her new, federal employment, coupled with the disability benefits she received, would allow her to provide a financially stable environment for her daughter, including a new home and a private preschool near where Mother worked.

¶9 Father argues Mother purposely withheld her intentions to move to Louisiana during the negotiations of the Joint Custody Plan and that her actions should be considered as bad faith under a request for relocation analysis pursuant to 43 O.S.2011, § 112.3(K). Mother admits she did not officially notify Father of her plan to relocate until she had received, and accepted, the Louisiana job offer.[6] However, Mother testified she made clear that Father was aware of her desire to return to Louisiana. In fact, Father testified that he was aware of Mother's desire to return to Louisiana to live near her family since long before the Child was even born.

¶10 Regardless of whether Mother knew during negotiations of the joint custody plan that a move might be imminent, Mother contends this has no bearing on whether her reasons for relocation constitute good faith. We agree. The record is devoid of evidence that Mother's proposed relocation was designed to purposely deprive Father of visitation which could give rise to bad faith under 25 O.S.2011, § 9. Further, we can find no authority for the proposition that negotiation of a party's agreed divorce decree should have any relevance to a later relocation hearing.

¶11 Courts routinely find that employment opportunities, financial considerations and proximity to loved ones are all legitimate reasons to support relocation. See Mahmoodjanloo v. Mahmoodjanloo, 2007 OK 32, 160 P.3d 951 (relocation to be with new spouse found to be in good faith); Kaiser v. Kaiser, 2001 OK 30, 23 P.3d 278 (Court approved relocation for employment-related reasons). Moreover, relocation requested on the basis of pursuit of a love interest should not automatically be deemed bad faith, as found by the trial court's statements herein. To the contrary, this Court has previously approved good faith requests for relationship-based relocation. See, e.g., Mahmoodjanloo v. Mahmoodjanloo, 2007 OK 32, ¶12, 160 P.3d 951.

¶12 We find that Mother has met her burden of proving that the move to Louisiana was proposed in good faith. A review of the transcripts shows Mother provided ample, legitimate reasons for her desire to move back to Louisiana, none of which reflect in the record any intent to harm Father's relationship with the Child or which would otherwise give rise to bad faith.

¶13 Mother's satisfaction of her good faith requirement shifted the burden to Father to prove that the relocation would not be in the best interests of the Child. 43 O.S.2011 § 112.3(K); Mahmoodjanloo v. Mahmoodjanloo, 2007 OK 32, ¶12, 160 P.3d 951 (once relocating parent satisfies good faith burden of proof, the burden shifts to the nonrelocating parent to show that the proposed move is not in the best interests of the child). Although the trial court's order generally stated that it applied the criteria for a "child best interest analysis," any such analysis is flawed considering the court found Mother's relocation reasons to be in bad faith.[7] The necessary shifting to Father of the burden of proof regarding the Child's best interests clearly did not take place nor are any of the requisite factors discussed.

¶14 After reviewing the record, we find Father failed to sustain his burden of proof to show that relocation would be against the best interests of the Child. Paragraph J of 43 O.S.2011, § 112.3 provides the following factors for the court to consider regarding a proposed relocation:

1.a. the nature, quality, extent of involvement, and duration of the child's relationship with the person proposing to relocate and with the nonrelocating person, siblings, and other significant persons in the child's life,

b. the age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development, taking into consideration any special needs of the child,

c. the feasibility of preserving the relationship between the nonrelocating person and the child through suitable visitation arrangements, considering the logistics and financial circumstances of the parties,

d. the child's preference, taking into consideration the age and maturity of the child,

e. whether there is an established pattern of conduct of the person seeking the relocation, either to promote or thwart the relationship of the child and the nonrelocating person,

f. whether the relocation of the child will enhance the general quality of life for both the custodial party seeking the relocation and the child, including but not limited to financial or emotional benefit or educational opportunity,

g. the reasons of each person for seeking or opposing the relocation, and

h. any other factor affecting the best interest of the child.

43 O.S.2011, § 112.3(J).

¶15 Father provided no evidence that Mother was unfit or that the move would not be in the best interest of the Child. Nothing in the transcripts weighs in favor of a change of primary, physical custody in this case. The evidence reflects that even prior to the parties' divorce, Mother was always the Child's primary caregiver, making all the necessary decisions for the Child's well-being. Testimony from both parties reflect Mother to be a fit parent who has the Child's best interests at heart and that the relocation would be more financially stable for Mother and the Child.

¶16 Father's primary concern appeared to be the visitation schedule. However, the cases uniformly hold that visitation rights alone are an insufficient basis on which to deny relocation and thereby change custody of a child. A custodial parent's relocation should not be disallowed solely to "maintain the existing visitation patterns." Kaiser v. Kaiser, 2001 OK 30, ¶ 29, 23 P.3d 278, 286 (citation omitted). As the Court found in Kaiser, the "fact that father's visitation would be altered by the mother's relocation is understandably difficult and upsetting for him, but maintaining his existing visitation schedule did not justify the trial court's order restricting mother's ability to leave Oklahoma to pursue her career opportunity and attempt to find a better life for herself" and their child. Kaiser v. Kaiser, 2001 OK 30, ¶ 29, 23 P.3d 278, 286.

¶17 Here, Mother was willing to work with Father to provide additional visitation above and beyond that called for in the joint custody plan. The case is remanded with instructions to allow Mother's proposed relocation, and to make appropriate orders regarding visitation and any other adjustments necessitated by our ruling herein. There being no compelling reason to award attorney's fees to either party at this time, the trial court's award of fees to Father is also reversed.

REVERSED AND REMANDED.

ALL JUSTICES CONCUR.

FOOTNOTES

[1] The title of the action states Appellant's name as Kayla J. Scocos, but since the divorce she goes by her maiden name of Kayla J. Giles.

[2] Due to the immediate start date of her new employment, Mother did take the Child with her to Louisiana for a period of roughly 10 days which caused Father to miss some of his scheduled visitation with the Child.

[3] At the time of Mother's request to relocate, Mother was pregnant with the child of a man she had known since childhood and who also lived in Louisiana.

[4] In pertinent part, 43 O.S.2011, § 112.3 provides:

A. As used in this section:

***

3. "Person entitled to custody of or visitation with a child" means a person so entitled by virtue of a court order or by an express agreement that is subject to court enforcement;

4. "Principal residence of a child" means:

a. the location designated by a court to be the primary residence of the child,

b. in the absence of a court order, the location at which the parties have expressly agreed that the child will primarily reside, or

***

5. "Relocation" means a change in the principal residence of a child over seventy-five (75) miles from the child's principal residence for a period of sixty (60) days or more, but does not include a temporary absence from the principal residence.

B. 1. Except as otherwise provided by this section, a person who has the right to establish the principal residence of the child shall notify every other person entitled to visitation with the child of a proposed relocation of the child's principal residence as required by this section.

2. Except as otherwise provided by this section, an adult entitled to visitation with a child shall notify every other person entitled to custody of or visitation with the child of an intended change in the primary residence address of the adult as required by this section.

C. 1. Except as provided by this section, notice of a proposed relocation of the principal residence of a child or notice of an intended change of the primary residence address of an adult must be given:

a. by mail to the last-known address of the person to be notified, and

b. no later than:

(1) the sixtieth day before the date of the intended move or proposed relocation, or

(2) the tenth day after the date that the person knows the information required to be furnished pursuant to this subsection, if the person did not know and could not reasonably have known the information in sufficient time to comply with the sixty-day notice, and it is not reasonably possible to extend the time for relocation of the child.

***

G. 1. The person entitled to custody of a child may relocate the principal residence of a child after providing notice as provided by this section unless a parent entitled to notice files a proceeding seeking a temporary or permanent order to prevent the relocation within thirty (30) days after receipt of the notice.

***

K. The relocating person has the burden of proof that the proposed relocation is made in good faith. If that burden of proof is met, the burden shifts to the nonrelocating person to show that the proposed relocation is not in the best interest of the child.

[5] In addition to the Child at the heart of this matter and an infant child with the man from Louisiana, Mother has a son from a previous marriage with whom she shared joint custody of at the time of the hearings herein. That child was also the subject of a separate request to relocate trial, the outcome of which is unknown.

[6] Mother also admits that she took the Child with her to Louisiana in order to start her new job but that she hoped to work out visitation with Father to provide him with sufficient visitation. The record reflects that at the time of the hearing, the parties had agreed to a two week on, two week off visitation schedule.

[7] The trial court stated: "Although the Court did not find the reason for relocation to be made in good faith, the relocation criteria was applied for a child best interest analysis." No further discussion was made in the order regarding best interests or the factors applied as required by43 O.S.2011, § 112.3(J).






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1997 OK CIV APP 69, 948 P.2d 1240, 68 OBJ 3833, Shaw v. Hoedebeck
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 30, 23 P.3d 278, 72 OBJ 1479, KAISER v. KAISER
Discussed at Length
 2001 OK 117, 42 P.3d 863, 72 OBJ 3708, DANIEL v. DANIEL
Discussed
 2007 OK 32, 160 P.3d 951, MAHMOODJANLOO v. MAHMOODJANLOO
Discussed at Length
 2009 OK 5, 213 P.3d 550, CURRY v. STREATER
Discussed
Title 25. Definitions and General Provisions
 Cite
Name
Level

 25 O.S. 9, Good Faith Meaning
Discussed
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 112.3, Relocation Notification of Children
Discussed at Length
 43 O.S. 112.2A, Parent's Right to Change Child's Residence
Discussed